Totten, J.,
delivered tbe opinion of tbe court.
Assv/nypsit for work and labor; judgment for tbe plaintiff, and appeal in error, by defendant, to tbis court.
Tbe case is tbis: There was a contract between tbe parties, by which William T. Jones, tbe plaintiff below, agreed with M. Jones, tbe defendant below, to oversee and manage defendant’s plantation and bis servants, inter, ests and affairs connected therewith, for tbe year 1851. His wages as such overseer and manager, were to be two hundred and seventy-five dollars. Iiis services commenced January 22, and about May 8, 1851, be was discharged by defendant, left tbe premises and did no further service for him. There is evidence tending to show that -the plaintiff was guilty of abuse and cruelty towards tbe servants, and of neglect and mismanagement of tbe farm and stock, while tbe same were under bis charge. . A- witness testified as to tbe general character of tbe plaintiff as an overseer, and said be was p'roverbial for bis cruelty and inhumanity to negroes, and was of opinion that defendant knew bis character in tbis respect before tbe employment.
Another witness stated that plaintiff was uncontrollable, was very cruel to slaves, but was industrious and attended closely to business. Tbis charater for cruelty is sufficiently illustrated by facts stated by other witnesses.
Defendant stated to a witness before the contract, that be “bad gone somewhat in debt, that be knew *607 the plaintiff; wanted him to make a crop; wanted a go-ahead-fellow.” After the plaintiff was discharged, he was employed by Mr. Nevil, about June, and continued in his service as an overseer and manager for the balance of the year, 1851. The verdict was for two hundred and seventy-five dollars, the price stipulated for the entire year.
The argument here made resolves - itself into two questions:
First: Is the defendant liable on his contract? '
Second: If liable, then, to what extent ?
The plaintiff does not pretend that he has performed his part of the contract, but alleges as an excuse, that defendant refused to receive performance and discharged him from his service. This is a good excuse and is taken as equivalent to performance if the defendant was in fault, and had no right, in view of the facts in the case, to discharge the plaintiff from his service. If the defendant had no right to rescind the contract, it is not in point of fact, rescinded, but remains obligatory upon him, though he refused, on his part, to perform it or to accept performance. In this view of the case the defendant is liable to the full extent of the wages stipulated in his contract. On the contrary, it is equally clear, that if the plaintiff voluntarily abandoned the defendant’s service, without sufficient cause, and against his will, he will not be entitled to recover; not even for the labor he had actually performed; Jennings vs. Camp, 13 Johns. R., 95; McMillan vs. Vanderlip, 12 Johns. R., 166; Read vs. Moore, 19 J. R., 340; Hoar vs. Clute, 15 J. R., 225; 2 East, 143; 2 Mass. R., 127.
In the next place, there can be no question but that it was competent for the defendant to rescind the con *608 .tract and discharge the plaintiff from his service, for sufficient cause; Spain vs. Arnott, 8 Eng. Com. Law R., 389. And considering the important nature of the service, and the confidence and trust that must be reposed in the overseer, it must be held sufficient cause for his discharge, if he be guilty of cruelty to the slaves, under his care and protection, or of bad and indiscret management in their government and control, or if he be unskilful and improvident in the management of the farm and interests placed under his charge. These several grounds are insisted upon in the present case, but it is clear, that they resolve themselves into questions of fact, to be determined by a jury, under proper instructions.
If the plaintiff was discharged for sufficient cause, he is not entitled to recover for the balance of the year, there being no subsisting contract after such rescission, and no services actually performed.
The question then remains in this connexion, whether the overseer, discharged for sufficient cause, is entitled to recover for the services rendered before his discharge ? It is clear that he cannot recover upon his contract, because he has not performed it; but, on the contrary, has violated it by such acts and omissions, as rendered it legal and proper for the defendant to discharge him; and according to the English cases, he has very probably forfeited all claim to compensation for the services .-actually rendered. He must be able to aver performance, or some fault on the part of the defendant, which shall have the effect to excuse the necessity of .performance. In the case supposed, he can do neither the one nor the other. But, upon principle, we think he is entitled to recover upon the common counts, a quantum meruit, for any services performed before he was discharged. *609 This liberal rule has been adopted in South Carolina, and we think it just and reasonable; Byrd vs. Boyd, 1827, in 4 McCord’s Reports. It is obvious that the amount of his recovery, in this respect, will depend upon the merit of his claim, as it may appear to the jury. If he merit nothing, he will recover nothing; but, if his services have been useful to defendant, while in his employment, lie- will be entitled to recover pro rata, according to their value.
There is still another point of view in which this case has been presented. TJpon the hypothesis that the plaintiff was discharged without sufficient cause, and after-wards went into the service of another person, as overseer, for the balance of the year, what shall be the measure of damages upon his recovery ?
In such case, the rule is, that the plaintiff is not entitled to full pay for the entire year, but his recovery will be reduced by the amount he received, or is entitled to receive, in his second employment; Shannon vs. Comstock, 21 Wend. R., 459; Miller vs. Mariner’s Church, 3 Greenl., 55; Costigan vs. Rail Road Company, 2 Denio R., 609.
In Miller vs. Mariner’s Church, the justice and equity of the rule are strongly illustrated : “ A mason is engaged to work for a month, and tenders himself, and offers to perform; but his hirer declines the service. The next day the mason is employed at equal wages elsewhere for a month. Clearly, his loss is but one day; and it is his duty to seek other employment. Idleness is, itself, a breach of moral obligation. But, if he continue idle for the purpose of charging another, he super-adds a fraud, which the law had rather punish than countenance.” It is clear, that if similar service in this *610 same region, be tendered to tbe plaintiff, and refused, tbe same rule will apply.
Now, in tbe present case, after stating tbe rule on tbis subject, to tbe jury, bis honor, tbe circuit judge, proceeded to say: “ That to make tbis an available defense, it was not sufficient to show tbe employment obtained or offered as stated, without also showing tbe amount paid, or offered to be paid, for such employment.” tmie, that tbis is matter in defense, and tbe burden of proof rests upon _the defendant. If the-defendant show tbe “ amount paid,” that will be sufficient; and so, if be show the amount agreed to be paid, or, in tbe absence of an express contract, tbe amount to which tbe plaintiff is entitled upon a gucrnr turn meruit, that will also be sufficient, and will entitle tbe defendant to a reduction pro tamto, of the damages. Tbe charge, in this respect, is too much restricted, and in view of tbe facts in the case, we cannot but think that it misled tbe jury. The plaintiff’s second employment, as overseer, continued for some eight months. Tbe facts and circumstances in tbe case tend to show its reasonable value. Tet, tbe jury seem not to have regarded it as of any value, inasmuch as they have given tbe plaintiff full pay for tbe entire year. Tbe verdict is evidently founded upon tbe ground, that tbe jjlaintiff was improperly dismissed, and is for the full amount stipulated in tbe contract. But, as tbe term, continuance, and circumstances of tbe second employment, were clearly proved, we can see no reason why it was not taken into consideration, and tbe damages reduced by its reasonable value, in tbe absence of express proof of tbe “ amount paid,” unless tbe jury considered themselves restricted by tbe terms of tbe charge.
*611 In tbis view of the case, we think it proper to set aside the verdict, and remand the cause for another trial.
Judgment reversed.