Milligan, J.,
delivered the opinion of the Court.
This is an action of debt, brought before a Justice of the Peace of Giles County, founded upon the following instrument:
“$150. — By the 25th day of December next, I promise to pay John Black the sum of one hundred and fifty dollars, for the hire of the negro man, Bob. The negro to have two summer suits and one winter, blanket and hat, and two pair shoes. It is agreed upon the part of J. Black, if the negro is sick at any time during the year, more than two weeks, Black agrees to lose it — for value received. January 1st, 1859.
[Seal.] John G. Abeenathy.”
Indorsed upon the back of this instrument, the following appears: “For clothing slave, blanket and hat, $7.35. For loss of time,' $16.60. Balance due, $141.31.”
On the trial before the Justice, there was a judgment for the defendant in error, for $139 96, with costs; and an appeal by both parties to the Circuit Court. Subsequently, however, the defendant in error dismissed his appeal, and the pause proceeded to trial under . the appeal by the plaintiff in error, alone. There was a verdict and judgment for defendant in error, for $116 and costs of suit, from which an appeal is prosecuted to this Court.
The proof shows, that some time after the slave had been in the service of the piaintiff in error, he ran off and returned to his master. The plaintiff in *316 error went after liim, and formally demanded his return. The defendant in error told him, at first, if he would agree not to whip him, he would return the slave to his service, which he declined to do; and after consultation with his wife, the defendant positively refused to allow the slave to go back.
Under this state of facts, the Circuit Judge, among other things not excepted to, charged the jury, “that if the negro ran away from the defendant, and went to plaintiff, and the plaintiff detained him, that still he could recover of the defendant, what the value of the services of the negro were, or what he reasonably deserved to, have, for the time the negro labored for the defendant; and the value of the services were to be estimated by all the circumstances of the case, taking into consideration the time the negro left, and the inconvenience to the defendant in leaving him at that time.”
Is this charge in conformity to law? is the question submitted for our determination. And we think it is not. The rule of the common law is, that when a party agrees, by special contract, to perform a certain thing for a stipulated compensation, he cannot recover without avering and proving that he has complied on his part, with the contract; or otherwise, he must assign some sufficient cause for not doing so. Our decisions, however, have so far relaxed the rule of the common law, as to justify a party in abandoning a special contract, and suing on a quantum meruit count. But in this class of cases, an examination of the authorities will fully show, that *317 tbe plaintiff can only recover to tbe extent of tbe benefit conferred npon tbe other party, by tbe materials, goods or property of tbe plaintiff, wbicb have been retained or nsed by tbe defendant, without tbe necessity of avering or proving' the performance of bis contract: Stump and Cox vs. Estill, Picks. R., 175; Elliot vs. Wilkinson, 8 Yer., 411; Porter vs. Woods, Stacker & Co., 3 Hum., 56.
But this rule, as it has been distinctly settled in the case of Hughes vs. Cannon, 1 Sneed, 622, does not extend to contracts for personal service. In that case tbe Court say, with reference to such contracts: “It must be shown, as a condition precedent, that the plaintiff has performed tbe services agreed upon, or a good or sufficient reason for bis failure to do so.”
The same principle is fully recognized in tbe case of Jones vs. Jones, 2 Swan, 606, in which tbe Court says: “That if tbe plaintiff voluntarily abandon defendant’s service, without sufficient cause, and against bis will, be will not be entitled to recover, even for tbe labor be bad actually performed.”
Applying this rule to tbe case before tbe Court, it is clear tbe instructions to the jury were erroneous. Tbe defendant in error, distinctly and positively refused tbe return of tbe slave, without any sufficient or valid reason for doing so. Tbe fact that tbe plaintiff in error declined to give a promise if tbe slave were returned, be would not whip him, constituted no good or sufficient reason for violating bis contract. Under our late system of slavery, moderate chastisement of tbe slave hired, was rather an *318 incident to a contract of hiring than otherwise, and cannot be relied on as a valid excuse for the nonperformance of the contract.
The obligation of a contract is indivisible. It cannot be broken with impunity, at the caprice or interest of the party entering into it. It is a solemn engagement, and the welfare of society demands its faithful observance.
The judgment is reversed, and a new trial awarded.