## PARKER *v.* STEED.

1. CONTRACT. *Measure of damages.* On failure to build a dwelling house according to contract, and recovery on count for value of the building as built, on ground of acceptance, in its defective form by defendant, the plaintiff recovers the value of the house as received, at the time received, and not the value of the materials, as such, put into the building, nor of the work done on the building. The value of the house built, as received, in other words, is the measure of recovery.

2. PRACTICE. *Suit by feme sole. Marriage and death of husband.* Suit on contract of woman *dum sola.* She married during pendency of the suit—revivor had against the husband, he then died, and suit allowed to abate as to him. *Held,* the suit might well proceed against the surviving wife, the debt, as to her, not having been extinguished by the marriage.

### FROM MONROE.

Appeal in error from the Circuit Court of Monroe county.   J. B. HOYLE, J.

BROWN & McCROSKEY for Parker.

CALDWELL, PRICHARD & BLIZZARD for Steed.

FREEMAN, J., delivered the opinion of the court.

This is an action at law to recover the price of a brick dwelling house put up by Steed, a brickmason, for Mrs. Parker, then Mrs. McGlur. The suit was commenced in 1858. The declaration has two counts. The first is on the special contract, the second for the value of the work and labor done, to-wit: the building of a certain dwelling house composed of two hun-

Parker v. Steed.

dred and eighty-one thousand bricks of the value of $2,810.

The pleas are first, the general issue; second, a claim of damages by way of recoupment, by reason of the gross negligence, and want of skill of the plaintiff in the suit, in erecting said house, whereby it was wholly useless to defendant, and became a nuisance, etc.

The jury found a verdict for the plaintiff, Steed, from which an appeal in error is prayed to this court.

It is now insisted there is error in the charge of the court for which the case should be reversed.

The jury found their verdict on the second count of the declaration.

The court charged them correctly as to right of recovery of the first count. In reference to the second count, he said to them: "If the proof satisfy you that the plaintiff did furnish material and build the house, though not in the manner or within the time stipulated, he may nevertheless, if the proof further show the defendant accepted the house after built, recover to the extent of the value of the material furnished by him, and the work and labor done by him."

This charge is not correct in reference to the case before the court. It was for the "building a certain dwelling house composed of two hundred and eighty-one thousand bricks, which house is valued at $2,810," and for which it is claimed the defendant is liable to pay. There is apparent contrariety in the statement of the rule in our books, but the true principle in a case

like the present is easily ascertained. It is correctly stated in the case of *Porter* v. *Woods & Stocker*, 3 Hum., 60. After approving the rule, that the plaintiff, who has failed on his special contract, may recover on a general count for work and labor done, materials furnished, etc., the court says: "For the plaintiff himself being entitled to recover, not on the ground of his performance of the special agreement, but for valuable materials furnished, or beneficial *services rendered,* and *only to the extent of benefit conferred* on the defendant, the defendant must be entitled in abatement, and in ascertaining the extent of such benefit, to such damages as, in a cross action by him against the plaintiff, he ought to recover for the non-performance by the other of his portion of the agreement." The instruction of the court gives the plaintiff the right to recover, on failure to perform his special contract, the value of the materials furnished by him, and work and labor done by him. This would require the party to pay the value of the brick and mortar put into the house, and the full value of labor as labor, regardless of the fact that the material as it stood in the house, (which she accepted, though defectively built) the brick, might not be worth one fourth their value as brick, so also, she pays the value of the labor done, not its result, and this labor as labor might have been as much in putting up a bad job as a good one. The true rule in such a case is, as stated above in the case from 3 Hum., when the party fails to perform his contract he recovers to the extent of *benefit* conferred on defendant.

That is, if a house is built, but not as contracted, nor in time as agreed, the value of the house actually put up, or rather the difference between the value, as a building, of the one actually erected, and the one contracted for, which is ascertained under a plea of recoupment, as in this case, by giving the defendant, as damages, the difference between the work as done and the work as agreed to be done, or such damages as she, in a cross action, would be entitled to recover for the non-performance, by the undertaker or builder, of his agreement. In this case the plaintiff stands in the position of one who has agreed to build a house in a workmanlike manner, out of good material, etc. He admits, when recovering on the second count, he has not complied with this contract, but says he has built a house, which house has been accepted by defendant. Now the value of that house, as built, and out of the materials it was built of, as received by the defendant, is his true measure of recovery, and not the value of the materials that went into it, nor of the labor bestowed in its building. See cases in *Pettee* v. *Tenn. Manufacturing Co.,* 1 Sneed, 386. Thus defendant pays the value of what she actually gets, and as she gets it, and plaintiff receives the value of what is accepted by the defendant, and is entitled to no more.

Another question is presented properly to be disposed of. Defendant intermarried with Parker during pendency of the suit. It was revived against her husband on said marriage. He died during the litigation, and the suit abated as to him. Thereupon

defendants moved to abate the suit as to the wife, which the court refused. There was no error in this. The husband became liable for the wife's contracts *dum sola*, as husband, but there was no extinguishment of the liability of the wife, and transfer of it, so as to prevent its reviving against the wife alone on his death. We need cite no authorities in support of this. It is too clear for doubt. The action was prosecuted jointly against husband and wife during the coverture, but, on the death of the husband, continued against the survivor, the wife, who had incurred the original liability.

For the error indicated in the charge the case must be reversed and remanded for another trial.