INTERNATIONAL TEXT-BOOK COMPANY, APPELLANT, V. WILLIAM H. MARTIN, APPELLEE.

FILED OCTOBER 8, 1908.   No. 15,301.

1. **Contract:** ACTION: PLEADING. In an action by a correspondence school against its pupil for a breach of contract arising from the wrongful refusal of the latter to pay a remainder due for tuition, that plaintiff might have employed the time it would have devoted to defendant's instruction under the contract to the education of another scholar is a matter of defense, which plaintiff is not required to anticipate in its petition.

2. **Damages, Measure of.** The burden of proof is on the defendant to establish such defense, and on failure thereof, or to show other facts in mitigation of damages, the measure of recovery is the contract price.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Reversed.*

*David C. Harrington, R. H. Smith* and *Hall, Woods & Pound,* for appellant.

*J. A. McGraw, contra.*

ROOT, C.

In 1900 defendant entered into a written contract with the Colliery Engineer Company for instruction by correspondence in a course of electrical engineering. He was to pay $78 in monthly payments of $2, less 10 per cent., and plus $1 for a transfer fee, and the course of instruction was to continue until he was qualified to receive a diploma or certificate of proficiency. The initial papers essential for said instruction were sent to, and received by, defendant, but for some reason he totally failed to answer the questions sent him or to pursue his said studies. He paid $50 according to contract, and then refused to make further payments, but in December, 1905, notified plaintiff that he did not intend to perform the contract. In the interim the Colliery Engineer Company changed its name to International Text-Book Company, and in that style brought this action to recover the remainder unpaid on said contract. At the close of the evidence the court instructed the jury, in effect, that, if plaintiff was entitled to a verdict, the measure of its recovery would be the loss of its profit on said contract plus the value of the services it had rendered defendant; that, as there was not any evidence before the court tending to show the cost to plaintiff of performing such services, the jury should bring a verdict for defendant, which was done. Plaintiff appeals.

We are convinced that the learned trial judge erred in presenting the law of the case to the jury. It will be observed that plaintiff has not been in default in any particular in performing, so far as defendant would permit it to perform, the contract; that its undertaking is to continue its course of instruction until it has educated defendant to such a degree of proficiency as to entitle him to a diploma. No one can logically establish the period during which its teachers must send out questions and correct answers given by defendant in response thereto. The evidence indicates that plaintiff employs nearly 400 teachers, and the addition or loss of one student would hardly increase or diminish plaintiff's expense to any perceptible degree. The contract is entire, and, upon defendant's refusal to perform, and subsequent to the maturity of all of the monthly payments, plaintiff ought to recover the consideration defendant agreed to pay it, unless defendant can show some facts that reasonably and definitely tend to mitigate plaintiff's damages. Those facts should be pleaded by defendant and proved by him. *Wirth v. Calhoun,* 64 Neb. 316; *School District of Omaha v. McDonald,* 68 Neb. 610. It would not serve any useful purpose to consider in detail the authorities cited by defendant. They are not in point in the instant case. They refer to the sale of goods and chattels, or to the performance of labor for the construction of improvements that could be definitely measured as to extent and cost, so that the jury could ascertain definitely the exact loss accruing to plaintiff by reason of defendant's default. The instant case comes more within the reasoning of, although it is not absolutely controlled by, *Ely v. Dumont,* 186 N. Y. 552; *Bingham v. Richardson,* 60 N. Car. 215; *Horner School v. Wescott,* 124 N. Car. 518; *Kabus v. Seftner,* 34 Misc. Rep. (N. Y.) 538, 69 N. Y. Supp. 983.

The criticism made by defendant, that plaintiff does not specifically use the word "damages" in his petition, is fully met by the reasoning of Mr. Commissioner ALBERT

in *Wirth v. Calhoun, supra.* The facts are all stated in the petition, and the amount due from defendant by reason thereof is demanded.

We recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.