INTERNATIONAL TEXTBOOK COMPANY v. CONNELL R. LYNCH.

November Term, 1911.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 21, 1912.

*Assumpsit —Findings —Construction —Propriety of Not Considered.*

In assumpsit to recover the contract price of instruction furnished by means of correspondence, the finding that, "No damages were claimed or shown to have been occasioned the plaintiff by reason of the refusal of the defendant to carry out the terms of its contract, except his refusal to pay as said contract required," means, by necessary implication, that damages to the amount of the unpaid balance of the contract price were shown.

In assumpsit to recover the contract price of instruction furnished by
means of correspondence, the propriety of a finding that plaintiff
was damaged to the amount of the unpaid balance of the contract
price will not be considered on review, in the absence of the evi-
dence on which the finding was based, and with no exception
thereto.

GENERAL AND SPECIAL ASSUMPSIT. Plea, the general issue.
Trial by court at the June Term, 1907, Caledonia County, *Miles,*
J., presiding. Judgment for plaintiff. The defendant excepted,
and prevailed on review; 81 Vt. 101. Thereupon plaintiff took
the case to the United States Supreme Court where plaintiff pre-
vailed, 218 U. S. 664; and this is a rehearing on remand from
that Court.

*Harland B. Howe* for the defendant.

*G. C. Frye* for the the plaintiff.

HASELTON, J. This is an action of general and special as-
sumpsit. The general issue was pleaded and the case was tried
by the court. On facts found and filed judgment was rendered
for the plaintiff to recover damages in the sum of forty-five
dollars and eighty-five cents and its costs of suit. The defendant
excepted.

The plaintiff is a corporation engaged in the business of
furnishing instruction ˙by means of correspondence. It was
chartered under the laws of Pennsylvania and is located and is
doing business at Scranton in that State. At all times
material to the case it had an agent at St. Johnsbury in
this State whose duties were to solicit persons to take the instruc-
tion furnished by the plaintiff, and to secure from each proposed
student his signature to an offer or proposal called a "contract
for scholarship" and at the time of the signing to get from the
proposed student $5.00, which sum with the proposed contract
it was the business of the agent to forward to the plaintiff for
acceptance or rejection.

A sufficient statement of the contract in question and of
its breach by the defendant is made in our former opinion in
this case, 81 Vt. 101, and for convenience we copy it here: "In
January, 1905, the defendant at the agent's solicitation entered

into a written contract with the plaintiff, the substance of which was that the plaintiff was to furnish him a course of correspondence instruction in said school upon the subjects embraced in the 'Building and Contractors Scholarship,' with copyrighted instruction papers, examination questions and drawing plates prepared for such scholarship, for which the defendant was to pay the plaintiff five dollars when he signed the contract and five dollars each month until sixty-three dollars and ninety cents was paid, or fifty-seven dollars and sixty cents if full payment was made within sixty days. Upon full payment the defendant was to be entitled to a certificate of scholarship, etc. The first five dollars and the contract were forwarded to and accepted by the plaintiff, which, in return, sent volumes of instructions to the defendant who subsequently made four monthly payments upon the contract, when he notified the plaintiff's agent that he should make no more payments and proceed no further under the contract. The plaintiff has always been ready to perform the contract on its part. The defendant never took any of the instructions furnished him.''

The plaintiff has never complied with the requirements which our statutes make of foreign corporations, in general, that would do business in this State and maintain suits in our courts, and for that reason, when the case was here before, it was held that the action could not be maintained in our courts, unless the business to which the transactions in question belonged was interstate commerce, and it was held that the carrying on of the business was not interstate commerce. Accordingly the judgment of the county court was reversed and judgment was rendered for the defendant. 81 Vt. 101.

The plaintiff took the case to the Supreme Court of the United States, and that Court considered that the business in question was interstate commerce and that the plaintiff could sue in our courts notwithstanding the statutory provisions referred to, and thereupon reversed the judgment of this Court, and remanded the cause to this Court for further proceedings required by and not inconsistent with the opinion of the Supreme Court of the United States. *International Textbook Co.* v. *Lynch*, 218 U. S. 664.

Further proceedings have been taken, and counsel for the respective parties have argued the questions of law, arising on

the facts found, not affecting the question of interstate commerce, and not noticed in our former opinion and decision.

The sole ground on which the judgment of the county court was reversed when the case was formerly here having proved invalid the question now is whether any other ground for reversal is shown by the exceptions taken and the claims made thereunder. The excepting party makes no question as to the sufficiency of the declaration to support the judgment and no question of pleadings is here involved. The claim of the defendant, the excepting party, is that the facts found do not support the judgment. The question for us is not whether certain views of the plaintiff presented at considerable length are or are not sound, but the sole question for us is whether on the facts found the trial court was warranted in rendering the judgment which it did.

The amount of damages for which judgment was given was the amount of the unpaid balance of the contract price with interest to the time of judgment. And we think that the amount of damages for which judgment was given was fixed by the findings of facts which was the basis of the judgment. The finding is this: "No damages were claimed or shown to have been occasioned the plaintiff by reason of the refusal of the defendant to carry out the terms of its contract, except his refusal to pay as said contract required." This finding is paraphrased and construed in our former opinion where it is said: "The plaintiff suffered no damage except the failure to receive the money in full that it would have been entitled to if the defendant had performed the contract." This finding by necessary construction is that damages to the amount of the unpaid balance of the contract price were shown.

The defendant's brief, as we notice, proceeds throughout upon the mistaken claim that the trial court found that the plaintiff had sustained no damages whatever in consequence of the defendant's breach of the contract, whereas the actual finding is that which we have already stated and construed.

In the absence of the evidence on which the finding was based, and with no exception to the finding, there is no reason to speculate upon the propriety of it, for cases not unfrequently arise in which it appears on the trial of an action of assumpsit that the contract price, or the unpaid balance of it, is the true measure of the amount of damages to be allowed against one who

had broken the contract. What is here said is well illustrated by the case of *Hathaway* v. *Sabin*, 63 Vt. 527, which in form was, as this is, an action to recover damages resulting from a breach of contract. Indeed, as stated by Chitty, assumpsit "may be defined to be an action for the recovery of damages for the non-performance of a parol or simple contract." 1 Chit. Pl., p. *92.

As to the determination of damages in a case like this and the incidental matter of the.burden of proof the courts are not entirely agreed.

This is apparent by reference to the following cases: *International Textbook Co.* v. *Marvin*, 132 N. W. 437, 166 Mich. 660; *International Textbook Co.* v. *Shulte*, 114 N. W. 1031, 151 Mich. 149; *International Textbook Co.* v. *Martin*, 117 N. W. 994, 82 Neb. 403.

We express no opinion as to questions not involved in the case before us as it stands on the facts found.

*The judgment of the county court is affirmed, with costs, including the costs recoverable under the judgment of the Supreme Court of the United States and specified in the mandate from that Court.*