INTERNATIONAL CORRESPONDENCE SCHOOL, INC., *v.* S. M. CRABTREE.

(*Nashville*, December Term, 1930.)

Opinion filed January 19, 1931.

C. E. Russell, for plaintiff in error.

W. J. Fletcher, for defendant in error.

Mr. Justice McKinney delivered the opinion of the Court.

This suit was begun before a justice of the peace by a summons commanding the defendant in error to ap-

pear and answer the plaintiff in error in a "civil action of debt of $55 by sworn account from the State of Pennsylvania here to the court shown." The parties will be referred to as plaintiff and defendant, as they appeared in the trial court. The defendant, under oath, denied owing the account and filed a formal plea of *nil debit*.

Since no questions are raised by counsel as to the sufficiency of the pleadings, we will dispose of the case upon its merits.

Defendant entered into a written contract with plaintiff for a correspondence course in Arithmetic and English, agreeing to pay therefor $75, $10 when the contract was executed, and $5 each month thereafter until the entire consideration was paid. Plaintiff was to give defendant instruction until he was qualified to receive a certificate of proficiency, provided he completed the course in four years. The plaintiff has fully lived up to its contract.

The defendant, after making the cash payment of $10 and two monthly payments of $5 each, notified plaintiff that he did not have time to do the work, and that he would make no further payments.

The justice of the peace gave judgment for plaintiff in the sum of $55. The circuit court, upon appeal, dismissed the suit. The Court of Appeals entered judgment in favor of plaintiff for $20, the amount due under the contract when the suit was begun. The defendant has filed a petition for writ of *certiorari,* in which it is insisted that the evidence shows that plaintiff has not suffered any loss as a result of his breach of the contract. Upon this question we find that there is no direct and positive proof as to the damages sustained by plaintiff.

The defendant further contends that the burden is upon the plaintiff to show the extent of its damage, and having introduced no evidence upon this question, the Court of Appeals should have affirmed the judgment of the circuit court.

Counsel have referred us to three cases in which the facts are similar to those in this case, in each of which different results were reached. In Michigan the court denied plaintiff any relief and said:

"It is the rule in this State that a party to an executory contract may always stop performance by the other party by an explicit direction or renunciation of the contract, and refusal to perform further on his part, and that he is thereafter liable only upon the breach of the contract. The contract price is recoverable only upon the theory of performance, and never upon the theory of inability to perform." *International Textbook Co.* v. *Jones,* 166 Mich., 86.

That court held that the burden was upon plaintiff to show the extent of his damage.

In *International Textbook Co.* v. *Martin,* 221 Mass., 1, the court gave the plaintiff full relief, upon the theory that the promise to furnish instruction and the promise to pay therefor were independent covenants. The court said:

"In case of independent promises the promisor has to perform his promise and, if he does not get what he pays for, his remedy is by a cross action. In the case at bar the plaintiff has been ready and willing at all times to go on with the son's instruction, but the son has refused to study. The plaintiff has not been guilty of any breach of its agreement. Under these circumstances the defendant's contention comes to this: The maker of an

independent promise who renounces his right to the thing paid for by him can show that fact in reduction of the sum the promisee is entitled to recover under the independent promise."

The distinction between dependent and independent covenants is thus stated in 13 Corpus Juris, 567-568:

"Agreements are mutual and dependent where performance by one party is conditioned on and subject to performance by the other, and a party who seeks performance must show performance or a tender or readiness to perform on his part. Covenants or stipulations are independent when the consideration of the stipulation on the one side is the mutual promise on the other, and an actual performance or tender is not required, but the remedy on both sides is by action."

The application of this rule in the Massachusetts case is based upon an example contained in the old English authorities as follows: "if a day be appointed for the performance of the covenant on one part, and it is to happen, or may happen, before the covenant in the other part is to be performed, the covenants are not dependent." This test of intention is quoted in the Massachusetts case and in the case of *Officer* v. *Sims*, 49 Tenn., 507. In the latter case it is pointed out that the tendency of modern judicial opinion is to depart from this technical distinction, and this court has not followed that rule since that opinion was written, as appears from the decisions which will be later referred to herein. In the recent case of *Allemong* v. *Augusta National Bank*, 103 Va., 243, the court said: "Courts construe agreements so as to prevent a failure of justice, and hold dependent covenants to be independent when the necessity of the case and the ends of justice require it notwithstanding the form." (Citing authorities.)

The Supreme Court of Alabama, although one of the first to recognize the English rule quoted above (*Bailey v. White,* 3 Ala., 330), in a recent case said: "However, the present tendency of the courts generally, and in this jurisdiction, is against the construction of promises as independent covenants, in the absence of language to the contrary, in the contract, and that, promises which form the consideration for each other are held to be concurrent or dependent."

In *Chamberlin* v. *Booth & McLeroy* (Ga.), 35 L. R. A. (N. S.), 1224, it was said: "As a general rule, but subject to many exceptions, where a contract requires successive steps to be taken by the respective parties, the covenants which relate to the taking of these steps are mutual and dependent."

The third rule, as to the amount recoverable in a case of this character, is that formulated by the Supreme Court of Nebraska. After pointing out the difficulty of arriving at the actual damage suffered by a school with a large corps of teachers and a considerable fixed overhead expense, where one of several hundred pupils severs his connection with the school, and after further stating that the expense which it would save thereby would necessarily be very small, said: "The contract is entire, and upon defendant's refusal to perform, and subsequent to the maturity of all of the monthly payments, plaintiff ought to recover the consideration defendant agreed to pay it, unless defendant can show some facts that reasonably and definitely tend to mitigate plaintiff's damages. These facts should be pleaded by defendant and proved by him." *International Textbook Co.* v. *Martin,* 82 Neb., 405.

This rule appears to us to be just and in harmony

with the decisions of this court, although it does not appear that a case, involving similar facts, has heretofore been before us.

In 17 Corpus Juris, 847-848, it is said:

"The measure of damages in the case of a breach of contract is the amount which will compensate the injured person for the loss which a fulfillment of the contract would have prevented or the breach of it has entailed. In other words, the person injured is, so far as it is possible to do so by a monetary award, to be placed in the position he would have been in had the contract been performed. But a plaintiff is not to be put in a better position by a recovery of damages for the breach of a contract than he would have been in if there had been performance."

In *Abernathy* v. *Black*, 42 Tenn., 316, it is said: "The rule of the common law is that when a party agrees, by special contract, to perform a certain thing for a stipulated compensation, he cannot recover without averring and proving that he has complied on his part, with the contract; or otherwise, he must assign some sufficient cause for not doing so. Our decisions, however, have so far relaxed the rule of the common law, as to justify a party in abandoning a special contract, and suing on a *quantum meruit* count. But in this class of cases, an examination of the authorities will fully show that the plaintiff can only recover to the extent of the benefit conferred upon the other party, by the materials, goods or property of the plaintiff, which have been retained or used by the defendant, without the necessity of averring or proving the performance of his contract."

In *Barker* v. *Reagan*, 51 Tenn., 596, the court quoted approvingly from Parsons on Contracts as follows:

"We have seen that when parties make a contract which is not apportionable, no part of the consideration can be recovered on an action on the contract, until the whole of that for which the consideration was to be paid is performed. But it must not be inferred from this, that a party who has performed a part of his side of a contract, and has failed to perform the residue, is in all cases without remedy. For, though he can have no remedy on the contract as originally made, the circumstances may be such, that the law will raise a new contract, and give him a remedy on a *quantum meruit*. So too, if one party, without the fault of the other, fails to perform his side of the contract, in such a manner as to enable him to sue upon it, still if the other party have derived a benefit from the part performed, it would be unjust to allow him to retain that without paying anything. The law, therefore, generally implies a promise on his part to pay such a remuneration as the benefit conferred on him is reasonably worth, and to recover that *quantum* of remuneration, an action of *indebitatus assumpsit* is maintainable."

In *Parker* v. *Steed*, 69 Tenn., 208, which involved a building contract, the court said: "The true rule in such a case is, as stated above in the case from 3 Hum., when the party fails to perform his contract he recovers to the extent of *benefit* conferred on defendant."

In *Gibson, Lee & Co.* v. *Carlin*, 81 Tenn., 447, it is stated:

"According to the strict principles of the common law it was difficult to sustain an action for compensation in favor of a party who had violated or failed to perform his part of a specific contract. For the existence of the contract was a defense to an action for a *quantum meruit*,

and the breach of the contract forbade an action upon it. In equity no difficulty lay in the way of an adjustment of the rights of the parties, and the courts of law soon adapted the rules of equity to its forms. From an early day in this State, and independent of statute, it became the settled law that the plaintiff, who has not performed his contract, may nevertheless recover compensation for the partial performance equal to, and limited by the value of the benefit conferred, the defendant, by 'the very statement of the principle, being entitled to abate the recovery by the damages sustained."

It would seem that if a party can sue and recover for benefit conferred where he has breached his contract, that one who is sued for violating his contract should be permitted to show any facts in mitigation of damages. The principle in the two cases is the same and the result just to both parties.

It will be observed that the above decisions are in conflict with the rule of dependent and independent covenants. Under that rule a plaintiff, in the facts of those cases, would have to aver a compliance with his contract, or a reasonable excuse for not doing so, as a condition precedent to maintaining an action; whereas, under the rule adopted by this court, that is not necessary, but a plaintiff is permitted to recover to the extent of benefit conferred, even though he is in default.

With respect to the burden of proof in such cases, the general rule is that the defendant has the *onus* of establishing matters asserted by him in mitigation or reduction of the amount of plaintiff's damages. 17 Corpus Juris, 1025; 1 Sedgwick on Damages (9 Ed.), sec. 227; *Jones* v. *Jones*, 32 Tenn., 610.

Finding no merit in the errors assigned by the defendant, it follows that the writ will be denied.