The son of the defendant enrolled in the course given by the plaintiff under the terms of which he agreed to pay $172 at the rate of $8 monthly. Two payments were made and then the son notified the plaintiff of his disaffirmance of the agreement. He was a minor at the time of entering into the agreement and in order to protect its interests the plaintiff secured the signature of the defendant guaranteeing the amount set forth in the application.
Upon default, suit was instituted and a motion for summary judgment filed setting out the above facts and asking for judgment in the amount of $156.
The defendant in his counter affidavit has set out the disaffirmance of the contract; that the payments made fully compensate the plaintiff for any services or materials furnished; and that since the notice no services of any nature whatever have been rendered by the plaintiff.
The plaintiff then made the present motion for judgment *Page 413 
on the ground that the answering affidavit establishes that the defendant is legally indebted to the plaintiff.
As a general rule, the liability of a surety ends with the extinguishment of the obligation of the principal. 50 C.J.Principal and Surety § 150, p. 92. This rule is subject to an exception in the case of a surety for a minor or other person incapable of contracting, and the extinction of the contract and discharge of the principal by operation of law, because of the principal's legal incapacity, does not release the surety.Anno. 24 A.L.R. 838, 844. Where, however, the infant disaffirms the contract and restores the other party to status quo
the surety is discharged thereby. Keokuk County State Bankvs. Hall, 106 Iowa 540, 542, 76 N.W. 832; Seeley vs. Seeley-Howe-LeVan Co., 128 Iowa 294, 103 N.W. 961. Upon repudiation it is sufficient if the infant restores all that he has received under it that is capable of restoration. InternationalText Book Co. vs. Doran, 80 Conn. 307. This presents a question of fact which the defendant is entitled to support by evidence.
Another matter the defendant is entitled to be heard on concerns the question of damages. The plaintiff is making a claim for the full contract price but its performance has accomplished only a small part of the original undertaking. To grant its request would in effect be giving it specific performance of an agreement on even better terms than originally contracted for because of the expense saved in not having to complete the course.
"The general rule regarding breaches of contract .... is that the injured party shall recover that compensation which will leave him as well off as he would have been had the contract been fully performed." Lee vs. Harris, 85 Conn. 212, 214. Where performance on the part of the plaintiff would have entailed expense to him, he is not entitled to the contract price without deduction being made for the expense of performance. 25 C.J.S. Damages § 79, p. 581.
The plaintiff cites the case of International Textbook Co. vs.Martin, 221 Mass. 1, as supporting its claim for the full contract price but the court is of the opinion that the ruling in that case can be supported only on the assumption that there was no saving to the plaintiff by the defendant's failure to take the instruction contracted for. This, however, represents what is known as the Massachusetts rule. *Page 414 
The Michigan rule is that the plaintiff must affirmatively prove the difference between the contract price and the cost of giving the service, and failing to do so can recover only nominal damages. Walton School of Commerce vs. Stroud,248 Mich. 85, 226 N.W. 883; International Textbook Co.vs. Schulte, 151 Mich. 149, 151, 114 N.W. 1031; InternationalText-Book Co. vs. Jones, 166 Mich. 86, 88,131 N.W. 98, 99. Other jurisdictions have accomplished the same result by placing the burden on the defendant to prove any saving made by the plaintiff. International Text-Book Co. vs. Martin,82 Neb. 403, 117 N.W. 994; International CorrespondenceSchool vs. Crabtree, 162 Tenn. 70, 34 S.W.2d 447, 78 A.L.R. 330. The application of the Michigan rule would seem to accomplish a more equitable result.
That the plaintiff would be allowed an unjustifiable advantage by not following the above rule is noted from the fact that under section four of the agreement, it agrees to furnish motor coach or bus transportation from the station nearest the applicant's home to Chicago and return for the purpose of attending its laboratory for final training. Undoubtedly this is an item of expense which was given consideration when the cost of the course was figured and one which they will not be called upon to pay in view of the default.
 The court is of the opinion that the counter affidavit has set out sufficient matter for defense and, accordingly, judgment on the motion is denied.