INTERNATIONAL TEXTBOOK CO. *v.* SCHULTE.[1]

1. Contracts—Breach—Damages Recoverable.

In an action for a breach of a contract to pay a certain sum for a certificate of scholarship in plaintiff's school, plaintiff is not entitled to recover more than nominal damages in the absence of proof of the cost of furnishing the instruction contemplated, defendant having refused to receive it.

2. Justices of the Peace—Certiorari—Reversal—Propriety—Nominal Damages.

A judgment for defendant in justice's court is properly affirmed on certiorari where plaintiff only showed a right to recover nominal damages and the affidavit for certiorari does not assign error upon the refusal of the justice to render judgment for nominal damages.

Error to Wayne; Rohnert, J. Submitted October 17, 1907. (Docket No. 81.) Decided February 15, 1908.

Assumpsit in justice's court by the International Textbook Company against W. H. Schulte for breach of a contract for correspondence instruction. There was judg-

[1] Rehearing denied March 17, 1908.

ment for defendant, and plaintiff appealed to the circuit court by writ of certiorari. There was judgment affirming the judgment of the justice, and plaintiff brings error. Affirmed.

*Thomas S. Parker* (*David · C. Harrington*, of counsel), for appellant.

*Choate & Webster*, for appellee.

OSTRANDER, J. Plaintiff is a Pennsylvania corporation and is the proprietor of what are called International Correspondence Schools. It brought suit in assumpsit in justice's court against defendant who had made with it a contract in writing upon which, it is claimed, he was in default. The judgment rendered by the justice in favor of defendant was reviewed in the circuit court on certiorari and, being affirmed, the proceeding is brought into this court by writ of error. At the trial in justice's court, the testimony introduced was taken down by a stenographer and a transcript thereof, made a part of the return of the justice, was filed in the circuit court. The contract of the parties is much too long to be set out in this opinion. It is, in its form, a request, or offer, and an acceptance thereof, amounting, in effect, to an agreement by plaintiff to furnish a course of correspondence instruction in the subjects embraced in bookkeeping and business forms scholarship, provided the course was completed in five years, for which defendant agreed to pay $52, $5 down and $5 monthly thereafter until the price was paid in full. When the agreed price had been paid, defendant was to receive a nonforfeitable certificate of scholarship for said course in said schools. A clause in the contract reads:

"That you shall have the right to terminate this contract for any breach thereof on my part without returning any money paid on account of same."

The date of the contract and of first payment is May 20, 1905. Later, in July, 1905, defendant paid $3 on the

contract and he has paid no more. It is the theory of the plaintiff that it is entitled to recover the sum of $44, the remainder of the contract price. Defendant was a witness in his own behalf and gave testimony tending to prove that he worked out four of the five lessons sent to him and had them corrected and returned to him. He did not work out the fifth paper because he thought he was deriving no benefit from the instructions. He also was furnished certain bound volumes, and these he returned to the local representative whom he told, when he came to make a collection on the contract, that he wished to go no further. He says he supposed that upon getting a receipt for the books the whole matter was concluded. There is no evidence of any breach of the contract by the plaintiff or of any waiver of defendant's undertaking to perform. There was due upon the contract, according to its terms, when suit was begun, February 1, 1906, $37. No testimony was produced to show what it would cost plaintiff to perform the contract. For this reason, the circuit judge was of opinion that there was no evidence from which the damages of plaintiff could be determined, and upon this point he decided the case. It would be presumed that plaintiff would be put to some expense in performing the contract. The testimony also furnishes evidence upon the subject. An office is maintained in Detroit, a collector is employed, payment of postage is provided for in the contract, lesson papers are furnished, and, when sent to Scranton, Pennsylvania, are corrected and returned. This implies, at least, one or more instructors and examiners. Defendant having repudiated and refused to receive whatever was to be furnished to him, plaintiff is relieved from some of this expense. The facts are especially within its knowledge. It did not supply the evidence necessary to the fixing of its damages. Its affidavit for the writ of certiorari does not assign error upon the refusal of the justice to render a judgment for nominal damages and the point is not made in argument in this court. A great many questions are raised by the

assigned errors and some of them are elaborately argued in the brief. We are not called upon to consider them. In no event could plaintiff recover, upon this record, more than nominal damages. The court below did not err in refusing to reverse the judgment of the justice's court.

The judgment of the circuit court is affirmed.

HOOKER, MOORE, CARPENTER, and MCALVAY, JJ., concurred.