INTERNATIONAL TEXT-BOOK CO. v. JONES.

1. CONTRACTS—BREACH—RENUNCIATION—DAMAGES.

    A party to an executory contract to receive and pay for instruction by correspondence may stop performance by an explicit direction or renunciation of the contract and refusal to perform further on his part, and thereafter is liable only for damages for breach of the contract.

2. SAME—PRICE—DAMAGES.

    The contract price is recoverable only upon the theory of performance, and although performance is prevented by the renunciation of the defendant, he is not liable for the entire price but merely for damages.

Error to Bay; Collins, J. Submitted April 13, 1911. (Docket No. 111.) Decided May 8, 1911. Rehearing denied September 29, 1911.

Assumpsit by the International Text-Book Company against Walter M. Jones on a written contract. A judgment for plaintiff for six cents damages on a verdict directed by the court, is reviewed by plaintiff on writ of error. Affirmed.

*James Donnelly* (*David C. Harrington,* of counsel), for appellant.

*Charles W. Hitchcock,* for appellee.

HOOKER, J.   The plaintiff claims to be a Pennsylvania corporation, and, through its representative, procured the defendant's signature to a contract, which it afterwards accepted.   By this contract, defendant was enrolled as a student in plaintiff's correspondence school.   He promised to pay to plaintiff the sum of $50.40, in installments, full payment to be completed within a year and some months.   He was by said contract entitled to instruction papers, examination questions, and corrected work, until he should be qualified to pass the civil-service examination for the position of clerk (2d grade) in the post-office branch of the United States civil service.   Plaintiff sent the first instruction papers, a pamphlet, and some books, and defendant made several payments to Haskins, the representative of plaintiff.

As near as we can ascertain, this contract was made in February or March, 1907.   We do not discover that it bears a date.   On the occasion of Haskins', plaintiff's district manager's, call to collect an installment, defendant told him that he was going to drop the course, paid him $1.50, and said he would pay him a similar sum the next week, which he did, and, three days later, returned to his office the books that had been furnished.   This was late in 1907.   He heard nothing more from the plaintiff until Mr. Donnelly, plaintiff's attorney, wrote him about the time the last installment matured, and he was sued soon after before a justice.   The record does not show, so far as we have been able to ascertain, what the outcome was in the justice's court; but it does show that plaintiff recovered only nominal damages, by direction of the court in a trial at circuit, and has appealed.

The plaintiff unequivocally renounces any claim that this action is based on a breach of the contract by defend-

ant.   He rests it on the claim that the contract contained an unqualified promise to pay certain installments at stated times, that it had performed its contract, so far as it was possible to do so, being prevented by defendant's failure to forward his work done, and that, the time having elapsed within which all of the payments were to become due, the defendant is liable upon his promise, leaving plaintiff to perform its contract, which it is willing to do.

It is the rule in this State that a party to an executory contract may always stop performance by the other party by an explicit direction or renunciation of the contract, and refusal to perform further on his part, and that he is thereafter liable only upon the breach of the contract.

The contract price is recoverable only upon the theory of performance, never upon the theory of inability to perform.   That the contract was not performed fully by plaintiff is obvious, as we said in *International Text-Book Co.* v. *Schulte*, 151 Mich. 151 (114 N. W. 1031).   The case of *Wigent* v. *Marrs*, 130 Mich. 609 (90 N. W. 423), completely covers this case.   We must assume that the jury found that the plaintiff was informed by defendant that he renounced and refused further performance of the contract at a time when only a few installments had matured.

The judgment is affirmed.

OSTRANDER, C. J., and BIRD, BLAIR, and STONE, JJ., concurred.