INTERNATIONAL TEXT-BOOK CO. *v.* ROBERTS.

1. AMENDMENT — JUSTICES OF THE PEACE — APPEAL AND ERROR — NOTICE OF DEFENSE — AFFIDAVIT — DENIAL OF EXECUTION OF CONTRACT.

The order of a circuit court, on appeal from justice's court, permitting the defense to file an affidavit denying the execution of a written contract, was within the court's discretion, on a showing by defendant that he first saw the alleged contract at the trial below.

2. CONTRACTS—PLEADING—TRIAL.

When plaintiff made no claim of recovery on any other than the contract in writing declared upon, and defendant denied its execution, claiming to have made a different oral contract, which he contends plaintiff had broken, the court committed prejudicial error in admitting evidence of a breach of any other agreement than the written instrument.

3. SAME—PAROL EXTRINSIC EVIDENCE—WRITTEN CONTRACT.

And the court erred in receiving evidence of parol promises or statements of plaintiff's soliciting agent having some tendency to vary and to contradict the writing.

4. SAME—TRIAL—DIRECTING VERDICT.

Except as to the question of the execution of the written contract, which was a question of fact, the plaintiff was entitled to peremptory instructions in its favor for the amount of damages agreed upon and stipulated by the parties.

Error to Jackson; Parkinson, J. Submitted November 23, 1911. (Docket No. 177.) Decided February 10, 1912.

Assumpsit by the International Text-Book Company, a foreign corporation, against William A. Roberts for damages on a declaration specially alleging a contract in writing. Judgment for defendant. Plaintiff brings error. Reversed.

*J. J. Calkins* (*David C. Henderson*, of counsel), for appellant.

*Frank L. Blackman*, for appellee.

STEERE, J. Plaintiff sued defendant in justice's court to recover $47.79, being a balance claimed to be due on a contract for a course of instruction in the International Correspondence School at Scranton, Pa., of which plaintiff is proprietor. Defendant was a car marker residing in Jackson, Mich., and at the solicitation of one of plaintiff's agents engaged for a course of instruction in said school, which was to cost him $68, less 20 per cent. discount. He entered upon his course of study, worked two lessons in arithmetic, "got down to example 14" in the third, "couldn't work it out," and quit. In the meantime he had made two payments of $5 each. He refused to pay the balance, claiming plaintiff had not given him assistance in his studies as agreed, whereupon this suit was brought. Issue was joined in justice's court May 24, 1909. Plaintiff declared orally on the common counts in assumpsit and specially on a written contract. Defendant pleaded the general issue, and gave notice that plaintiff had failed to fulfill in certain particulars its part of the contract. The case was tried in justice's court before a jury and a verdict rendered in defendant's favor. It was appealed to the circuit court, where defendant again secured a verdict. A motion for a new trial was denied, and the case is now brought before this court by plaintiff on writ of error.

There are many assignments of error, the subject-matter of some of them not appearing in the printed record. They include rulings of the court in permitting amendment of the pleadings, in passing on the admissibility of testimony, in refusing to give plaintiff's requests, the charge of the court as given, and its refusal to grant a new trial.

What took place at the trial of the case in justice's court, aside from the pleadings and verdict, is not disclosed, but, after appeal and return of the case by the justice to the circuit court, a motion was made in the latter court for leave to file an affidavit of the defendant denying execution of the written contract, which plaintiff had offered in evidence in the court below, the application

being supported by affidavits of the defendant and his attorney to the effect that they first saw said contract at the time of the trial in justice's court. An order granting said motion was made by the circuit court September 13, 1909. This was duly excepted to, and is plaintiff's first assignment of error. The order of the circuit court allowing the affidavit to be filed was discretionary. *Polhemus* v. *Savings Bank*, 27 Mich. 44; *Freeman* v. *Ellison*, 37 Mich. 459; *Chicago, etc., R. Co.* v. *Edson*, 41 Mich. 673 (3 N. W. 176).

At the trial of the case in the circuit court plaintiff introduced in evidence a contract in writing for a course of study in its school purporting to be signed by defendant. The genuineness of defendant's signature and the circumstances connected with obtaining it were testified to by plaintiff's soliciting agent, named Clark, who had secured the contract. Plaintiff also introduced evidence as to its organization, the nature and methods of doing its business, its acceptance and observance of the contract sued upon, defendant's abandonment of the same, and refusal to pay the balance claimed to be due thereon. Defendant denied executing the contract offered in evidence, and testified that it did not bear his signature. He admitted that as a result of negotiations with plaintiff's soliciting agent, Clark, he signed some kind of a contract for a course of instruction in plaintiff's school, and commenced a course of study, using certain lessons furnished by plaintiff. His testimony as to what he signed is manifestly indefinite and evasive. He testifies:

"I signed something, I don't know what it was. * * * I was rather in a hurry, I guess."

Later in his testimony he says he understood he was making a contract with the company for a course of instruction; that he did not know all the provisions of the paper which he signed; but "I read part of them; yes, sir, with Mr. Clark. I could not tell you what part I read, though." He further testified in that connection, under

objection, of promises made by Clark to furnish him a special instructor, and subsequent unsuccessful efforts on his part to obtain from Clark personal assistance in his studies.

As the case developed, the only issue of fact to be passed on by the jury was whether or not defendant executed the contract sued upon and offered in evidence. Counsel for plaintiff abandoned the common counts, and stated in open court—

"The whole claim is upon this contract, your honor. * * * He has got to defend on that contract or nothing. We say it is the contract or nothing."

Counsel for defendant stated in open court:

"They did make a contract with him, in which they stated part of the contract was he should have a special instructor here, or instructor here. * * * We admit he signed a contract or paper, entered into an agreement with them to take their correspondence or their instruction."

The contract offered in evidence is in the nature of a proposal or subscription from defendant which was subject to acceptance by plaintiff. The court instructed the jury that it was a question of fact for them to determine whether or not the contract, if signed by defendant, had been accepted by plaintiff, saying:

"If it was not accepted at Scranton, it never became binding on the defendant, and plaintiff cannot recover because, as I say, this was a proposition which defendant sent to be accepted at the home office in Scranton."

The undisputed evidence is that the contract, whatever it was, had been accepted by plaintiff and acted upon by both parties. The defendant himself testified that he was furnished the lessons provided for in the contract offered in evidence, and that with them he entered upon his course of study. If he signed the contract relied upon by plaintiff, it is undisputed that it was accepted. If he did not sign it, the plaintiff cannot recover, and defendant's claim of a breach of some other and different contract is immaterial. It was error to leave that issue to the jury. This

was repeated in the following portions of the instructions which otherwise are correct:

" As to this claim that plaintiff was guilty of a breach of this contract in the first instance and so absolved him, defendant, from being further bound by it, is not supported by the proof in this case. I must instruct you that if defendant's signature is genuine and plaintiff accepted the subscription or proposition sent by defendant, and the parties entered upon its performance, that as in my judgment the evidence conclusively shows that defendant was guilty of the breach on his part in the first instance, and in such case your verdict must be for the plaintiff in the sum of $47.79, which the parties agree is a correct computation and proper sum."

" If you find defendant signed the contract and that it was accepted, then, as I instructed you, I do not think there is evidence in the case that plaintiff failed to carry out its own contract, but the evidence conclusively establishes that defendant was guilty of the breach, and plaintiff in such case should recover."

The measure of damages, which otherwise might have been a question for the jury under rules stated in former decisions on this class of contracts, appears to have been stipulated in this case as follows:

" Tuesday morning it was agreed in open court by counsel that the interest was $3.39, making total due on contract $47.79."

Testimony was given, under objection, by defendant as to statements and promises of the soliciting agent which were at variance with, or additions to, the contract relied upon. The admission of this testimony was error. *International Text-Book Co.* v. *Marvin*, 166 Mich. 660 (132 N. W. 437). The court subsequently sought to cure this error, and instructed the jury "that the testimony as to talks or promises by Clark to the defendant which would contradict or change the writing should be disregarded."

It is to be borne in mind that the genuineness of defendant's signature to the contract was the paramount and only proper issue for the jury. The evidence on that issue consisted of certain of defendant's admitted or claimed

signatures, together with his testimony diametrically opposed to that of Clark, the soliciting agent; they two being the only witnesses having personal knowledge. All through the trial of the case this issue was permeated with and confused by imputing questions and accusing answers on matters entirely foreign to the real question, tending to impress the jury with the thought that defendant had been imposed upon and deceived by empty promises of Clark, and thus innocently inveigled by glowing misrepresentations to engage for a course of instruction in the belief that plaintiff would open for him a royal road to learning. In view of the verdict rendered, we think there is force in the claim that such testimony would have a tendency, which the charge of the court could not eliminate, to bias and prejudice the minds of the jury, and divert their attention from the real issue before them. The case should have been tried free from the possibility of such prejudicial influences. Contracts similar to the one under consideration have several times been reviewed by this and other appellate courts. The rights of parties under them are now quite clearly defined. *International Text-Book Co.* v. *Lewis*, 130 Mo. App. 158 (108 S. W. 1118); *International Text-Book Co.* v. *Peterson*, 218 U. S. 664 (31 Sup. Ct. 225); Id., 146 Wis. 119 (130 N. W. 1134); *International Text-Book Co.* v. *Schulte*, 151 Mich. 149 (114 N. W. 1031); *International Text-Book Co.* v. *Jones*, 166 Mich. 86 (131 N. W. 98); *International Text-Book Co.* v. *Marvin, supra.*

As the case presents itself on this record, aside from the question of the genuineness of defendant's signature to the contract, the court should have directed a verdict for plaintiff.

For the errors stated, this case is reversed, and a new trial granted.

MOORE, C. J., and MCALVAY, BROOKE, and BLAIR, JJ., concurred.