MOUNT IDA SCHOOL FOR GIRLS *v.* ROOD.

1. CONTRACTS—BREACH—REMEDY—DAMAGES.
    In Michigan, it is rule of law, and rule of procedure or remedy,
    that party to executory contract may always stop performance
    by other party and refuse further to perform on his part,
    and thereafter he is liable only for damages for breach of
    contract.

2. SAME—CONTRACT PRICE RECOVERABLE ONLY ON PERFORMANCE NOT
    ON BREACH.
    Contract price is recoverable only on theory of performance, and
    never on theory of inability to perform, so that, although
    defendant prevented performance by breaching contract, he
    is not liable for contract price, but only for damages.

3. SAME—PERFORMANCE IN FOREIGN STATE—REMEDY FOR BREACH.
    That parties contemplated performance of contract in foreign
    State does not affect rule that remedy in this State for breach
    of executory contract is limited to damages for breach.

4. SAME—CONSIDERATION—INDEPENDENT CONTRACT.
    Father's promise to pay certain amount for his daughter's board
    and tuition at boarding school for school year is consideration
    for school's undertaking, and does not constitute independent
    contract.

5. SAME—BURDEN OF PROVING DAMAGES.
    In action by boarding school for father's breach of executory
    contract to pay certain amount for daughter's board and tui-
    tion for school year, where daughter attended school only part
    of year, plaintiff has burden of proving amount of damages;
    that contract was indivisible in that it provided for both
    board and tuition, rendering it difficult to determine damages,
    would not change rule and render defendant liable for entire
    amount.

6. SAME—PLAINTIFF HAS BURDEN OF ESTABLISHING RIGHT TO RE-
    COVER AND EXTENT OF RECOVERY.
    Plaintiff suing for breach of executory contract has burden of
    establishing not only right to recover but also extent of re-
    covery.

7. SAME—DIRECTED VERDICT.

Where, in action for breach of executory contract, plaintiff offered no proof of damages resulting from breach, judgment was properly entered for defendant.

8. CONFLICT OF LAWS—REMEDY GOVERNED BY LEX FORI.

In recognizing and enforcing laws of foreign State, courts are disinclined to overrule positive laws of forum, and such foreign laws will never be given effect when they contravene fixed policy of law of forum, whether such policy is found in statutory enactments or not.

Error to Kent; Dunham (Major L.), J. Submitted January 16, 1931. (Docket No. 96, Calendar No. 35,370.) Decided February 27, 1931.

Assumpsit by Mount Ida School for Girls, Inc., a Massachusetts corporation, against Edward A. Rood on a boarding school contract. Judgment for defendant. Plaintiff brings error. Affirmed.

*Butterfield, Keeney & Amberg,* for plaintiff.

*Smith & Searl,* for defendant.

NORTH, J. Defendant herein signed a proposed contract with plaintiff under which defendant's minor daughter was to attend plaintiff's school for girls in Massachusetts during the school year of 1926 and 1927. Defendant signed the contract in Michigan. Thereupon it was forwarded to plaintiff in Massachusetts and there accepted by it. Defendant's contract was to pay for his daughter's board and tuition for the school year, amounting to $1,200. He paid $50 with the application and $500 November 3, 1926. The balance was payable $350, January 1, 1927, and $300, February 1, 1927. Defendant's daughter attended the school until the Christmas vacation, but she did not return for the remaining portion of the school year. On January 2, 1927, plaintiff was notified by defendant that his daughter

would not return. Defendant did not pay the $650 which accrued in 1927. After the expiration of the school year plaintiff brought suit to recover the balance of the contract price. On trial before the court without a jury, plaintiff planted its right to recover solely upon defendant's contract to pay. At the conclusion of plaintiff's proof, the court granted defendant's motion to dismiss because plaintiff had offered no proof of damages resulting from the breach of the contract. Judgment was entered in favor of defendant. The plaintiff appeals.

The trial court made and filed the following conclusions of law:

"(a) The refusal of the defendant to send his daughter back to school was a breach of the contract which was then executory.

"(b) On account of the breach, the plaintiff never has performed its contract.

"(c) The contract is a Massachusetts contract, but the remedy for the breach of the contract is to be governed by the laws of Michigan, where the suit was brought.

"(d) In Michigan the remedy for the breach of an executory contract which has not been performed is not the balance due on the contract, but the damages that follow from the breach.

"(e) There being no proof of any damages arising to the plaintiff because of the breach, it cannot recover in this action, and the judgment is therefore to be for the defendant with costs."

We think the foregoing conclusions of law and the disposition made of this case are fully sustained by *Walton School of Commerce* v. *Stroud,* 248 Mich. 85; *International Textbook Co.* v. *Schulte,* 151 Mich. 149; and *International Text-book Co.* v. *Marvin,* 166 Mich. 660. We would be disposed to rest decision on citation of these cases were it not for the fact that

counsel for appellant strenuously insist that the instant case can be and should be distinguished from the *Stroud Case.* They urge this upon the following grounds:

(1) The instant case, unlike the *Stroud Case,* is based upon a contract not only made in and controlled by the laws of another State, but the contract also was to be performed in such other State, *i.e.,* in Massachusetts.

(2) Plaintiff is entitled to recover upon defendant's independent promise to pay the contract price, regardless of nonperformance by plaintiff.

(3) That notwithstanding this contract covers both board and tuition, it is an indivisible contract, and plaintiff is entitled to recover the full consideration.

(4) *Prima facie* plaintiff should be allowed to recover the full contract price, subject only to plaintiff's right to reduce the amount recoverable because of plaintiff's having benefited by defendant's renunciation; and the burden of such showing is on the defendant.

Touching the first of appellant's contentions above noted, it is claimed that the contract in the instant case was not only made in Massachusetts and its construction controlled by the laws of that State, but it was to be actually performed in Massachusetts. Appellant's counsel attempt to distinguish the above noted Michigan correspondence school cases by asserting that performance in those cases was in Michigan instead of the State wherein the contract was consummated. If this distinction is of consequence, we think counsel's contention cannot be sustained. It is true in the correspondence school cases that the materials to be furnished by the school were to be forwarded to the student in Michigan. But at least in some of such cases (*Inter-*

*national Textbook Co.* v. *Schulte, supra; International Text-book Co.* v. *Marvin, supra*) the forwarding was by mail, in which cases the plaintiff *prima facie* performed its full part of the contract by mailing with postage prepaid in the foreign State. Thus performance in such cases, at least *prima facie,* was fully completed in the State where plaintiff was domiciled the same as was contemplated in the instant case; and in principle the Michigan cases of this character cannot be distinguished from plaintiff's case.

Further, this question was considered and squarely passed upon in the *Stroud Case* in terms amply sufficient to be here controlling. It was there announced, with authorities cited to support the proposition, that in Michigan it is a rule of law, and we think a rule of procedure or remedy, that a party to an executory contract may always stop performance by the other party and refuse further to perform on his part, and after his refusal he is *"liable only upon the breach of the contract;"* and further, quoting from cases cited, it is said: *"The contract price is recoverable only upon the theory of performance, never upon the theory of inability to perform."* Mr. Justice POTTER, writing for the court, in commenting upon this phase of the case aptly said:

"Plaintiff contracted with defendant with full knowledge of defendant's rights which it must be presumed to know. It knew that defendant had a right to renounce the contract and refuse to perform further and that he thereafter was liable only for damages for breach of contract.    *    *    *

"By comity, citizens of Illinois may sue in the courts of Michigan, but the law of Illinois has no extraterritorial force. The courts of this State may not be used to prosecute to effect a cause of action

in a manner contrary to the laws of Michigan. A foreign citizen cannot avail himself in the courts of this State of remedies which are denied to our own citizens.''

Not only are the courts of this State committed to the foregoing propositions of law; but as is revealed by the instant case, the remedy provided enables courts to arrive at a just result between the parties litigant. In this case, if plaintiff's contention were accepted, it would recover from defendant the cost to it of boarding defendant's daughter for the unexpired portion of the school year; but confessedly plaintiff has not and will not furnish this item. In other words, plaintiff is here asking the courts of this State to enforce payment for something which it has not and will not furnish to or for defendant. The Michigan rule relegating plaintiffs in such cases to an action for damages for breach of contract obviates such an illogical and unjust result but affords such plaintiffs full compensation for the loss sustained. As stated in the *Stroud Case,* the law ''aims at compensation of the injured party —to make him whole.'' Much of appellant's brief is devoted to the proposition that the measure of damage is fixed by the law of the place of performance, not by the *lex fori.* But we are not here concerned with that proposition of law. Instead the question is: What *remedy* do the courts of Michigan provide for such cases? Plaintiff is here asserting its right to a remedy by means of which it can recover the full contract price. The courts of Michigan do not provide such a remedy. Clearly the question is one of remedy only, not one relating to the measure of damages; and the remedy is governed by *lex fori.* Since the law of this State has fixed the remedy provided in such cases, plaintiff must be content with such remedy if it elects to prosecute

its claim in the courts of this jurisdiction; and the rule is not affected by the fact, if it is a fact, that the parties contemplated performance of their executory contract in Massachusetts. But in this connection it may be noted that, so far as appears from the record, the contract does not specifically provide that payment, which plaintiff is now seeking to enforce in Michigan, was to be made in Massachusetts.

Appellant's counsel also stress the proposition that "defendant's promise to pay the agreed price is an independent promise," and therefore the contract price may be recovered without showing plaintiff's performance of the contract itself. At best, as applied to the instant case and others of like character, the assertion that defendant's promise to pay constitutes an independent contract is no more than a legal fiction. Confessedly defendant's promise to pay is the consideration for plaintiff's undertaking. It is as much part and parcel of the contract in suit as is the consideration a part of any simple contract. Cases will be found, some have been cited by appellant, wherein defendant's undertaking is embodied in a separate instrument, for example, a promissory note. See *International Accountants Society* v. *Maxwell,* 236 Ill. App. 627. In such cases it is literally true that the promisor's undertaking is embodied in an independent, separate contract. The case before us is not such. This question was squarely ruled upon in *International Text-book Co.* v. *Jones,* 166 Mich. 86; and the plaintiff's claim of right to recover on the theory of an independent promise was rejected. It was there said:

"The plaintiff unequivocally renounces any claim that this action is based on a breach of the contract by defendant. He rests it on the claim that the contract contained an unqualified promise to pay," etc.

We are mindful of plaintiff's contention that the instant contract covering both board and tuition is indivisible, and that there would be difficulty in determining the exact amount saved to plaintiff by reason of its not having furnished defendant's daughter with board. We think this does not change the rule of law that plaintiff must prove the amount of its damages. It has been repeatedly applied by the courts of this State to contracts which were indivisible in the same sense appellant contends this contract is indivisible. *Wigent* v. *Marrs,* 130 Mich. 609; *International Textbook Co.* v. *Schulte, supra.* Plaintiff's counsel cite and quote from cases wherein it is held "that the burden was on the defendant to prove the benefit ensuing to the plaintiff by the defendant's renunciation, and in the absence of proof of such a benefit that the sums stipulated for had to be paid." It is sufficient to say that the established rule of law in Michigan is otherwise. The burden is upon plaintiff not only to establish a right to recover but likewise to establish the extent of recovery. In our recent decision in the *Stroud Case* we quoted with approval from *International Textbook Co.* v. *Schulte, supra,* the following:

"Defendant having repudiated and refused to receive whatever was to be furnished to him, plaintiff is relieved from some of this expense. The facts are within its knowledge. It did not supply the evidence necessary to the fixing of its damages."

The holding in both the *Stroud Case* and the *Schulte Case* was that because of the failure to furnish proof of the amount of plaintiff's damages, the plaintiff could not recover. We can conceive of no good reason why the burden of proof in such a case should be shifted to the defendant. Producing this

proof may be difficult for a plaintiff, but clearly it would be much more difficult for a defendant.

There is a wealth of authority both Federal and State, holding that, in recognizing and enforcing the laws of a foreign State, courts are disinclined to overrule the positive law of the forum; and such foreign laws will never be given effect when they contravene the fixed policy of the law of the forum, whether such policy is found in statutory enactments or not. See 5 R. C. L. p. 911 and numerous cases cited.

"It is a universally established rule that the affording of *remedies* in one State for enforcing a contract made in another depends entirely upon judicial comity, and that the *remedies* and procedure are therefore governed entirely by the *lex fori.* * * * The *lex fori* prevails over the *lex rei sitæ,* the *lex loci contractus,* the *lex loci solutionis,* and all other laws so far as concerns matters that relate to the *remedy* as distinguished from the substantive contract." 5 R. C. L. pp. 941–943, citing *Bank of U. S.* v. *Donnally,* 8 Pet. (U. S.) 361; *Scudder* v. *Union Nat'l Bank,* 91 U. S. 406; *Third Nat'l Bank* v. *Steel,* 129 Mich. 434 (64 L. R. A. 119); *Stack* v. *Detour Lumber & Cedar Co.,* 151 Mich. 21 (16 L. R. A. [N. S.] 616, 14 Ann. Cas. 112), and many other authorities. See, also, Dicey and Keith, Conflict of Laws (3d Ed.), p. 761.

We think the *Stroud Case,* which is the last expression of this court touching this phase of the law, cannot be differentiated from the instant case, and we find no occasion for departing from our former holdings. Judgment entered in the circuit court is affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.