**REED v. KELLY.**

No. 1979.

United States District Court
W. D. Wisconsin.

Oct. 28, 1948.

R. A. Crawford and Crawford & Crawford, all of Superior, Wis., for plaintiff.

Edmond F. Zeisig and Nohl, Petrie & Stocking, all of Milwaukee, Wis., and Hill, Beckwith & Harrington, of Madison, Wis., for defendant.

STONE, District Judge.

Plaintiff seeks by this action to recover from the defendant, the sum of $15,000 alleged to be owing to the plaintiff by defendant as a commission for having found a purchaser for the defendant's hotel property at Superior, Wisconsin.

The defendant filed a motion to dismiss the action because the complaint fails to state a claim upon which relief can be granted and for summary judgment in favor of the defendant and against the plaintiff, with costs, because the contract alleged in the complaint was entered into in the State of Illinois and is void and unenforceable under the laws of Wisconsin.

For the purpose of this motion, the Court assumes the following allegations in the complaint to be true:

That at all times herein mentioned, the plaintiff was and now still is a resident of the City of Chicago, State of Illinois, and is duly licensed by the State of Illinois to engage in the business of a real estate broker; that the defendant was and now still is a resident of the City of Lake Delton, State of Wisconsin;

That the matter here in controversy exceeds, exclusive of interest and costs, the sum of $3,000;

That on or about January 22, 1945, the defendant became a joint owner with Fred McAllister and Loretta E. McAllister, his wife, of the real estate known as the Androy Hotel, located in the City of Superior, Wisconsin;

That on or about June 15, 1945, said Fred McAllister, acting for and on behalf of and as agent for his alleged partnership with the defendant, entered into an agreement at Chicago, Illinois, listing with the plaintiff for sale, the said Androy Hotel

property, its furniture and equipment, at a sales price of $300,000 and promised to pay to the plaintiff a commission of 5% of the sales price for the obtaining of a purchaser ready, willing and able to purchase at the said price;

That the said listing agreement was entered into with the full knowledge and consent of the defendant, and that she was informed of its execution and ratified and acquiesced in it;

That in February 1946, the defendant purchased all of the interest of said Fred and Loretta E. McAllister in the said Androy Hotel property and became the sole owner thereof; that she never thereafter terminated the listing agreement;

That in March 1946, plaintiff obtained an offer from one Charles Mitchell to purchase said hotel for the sum of $300,000; that said offer was made in writing and transmitted to the defendant; that said Charles Mitchell was ready, willing and able to pay the purchase price;

That thereafter the defendant, without cause, rejected said offer in violation of the terms of her listing agreement;

That demand has been made upon the defendant for the payment of the commission alleged to be owing to the plaintiff, but the defendant has refused to make payment thereof to the plaintiff.

Defendant contends that the contract on which plaintiff bases his claim is void and unenforceable in Wisconsin, for the reason that the plaintiff at the time of the alleged sale was not licensed to sell real estate in Wisconsin, and for the further reason that the commission contract was not in writing as required by the Wisconsin Statutes.

It is undisputed that the plaintiff was not at the times mentioned in the complaint licensed to sell real estate in Wisconsin, although under the Wisconsin Statutes a nonresident may acquire a real estate broker's license in this state St. § 136.12; that the law of Illinois did not require a contract for the payment of a real estate broker's commission to be in writing.

The rule is clear that a contract made in a foreign state, though valid and enforceable there may not be enforceable in another state if it is contrary to the public policy of that state as expressed in its statutes or otherwise.

The public policy of Wisconsin with reference to brokers' commission for the sale of real estate is determined by Section 240.-10, Section 136.02 and Section 136.28 of the Wisconsin Statutes, which provide as follows:

Section 240.10, Wisconsin Statutes. "Every contract to pay a commission to a real estate agent or broker or to any other person for selling or buying real estate or negotiating lease therefor for a term or terms exceeding a period of three years shall be void unless such contract or note or memorandum thereof describing such real estate, expressing the price for which the same may be sold or purchased, or terms of rental, the commission to be paid and the period during which the agent or broker shall procure a buyer or seller or tenant, be in writing and be subscribed by the person agreeing to pay such commission."

Section 136.02, Wisconsin Statutes. "No person, firm or corporation shall engage in or follow the business or occupation of, or advertise or hold himself or itself out as or shall act temporarily or otherwise as a real estate broker or real estate salesman in this state, without first procuring a license therefor as provided in this chapter. Licenses shall be granted only to persons who are trustworthy and competent to transact the business of a real estate broker or real estate salesman in such manner as to safeguard the interests of the public, and only after satisfactory proof thereof has been presented to the board."

Section 136.28, Wisconsin Statutes. "No person, firm or corporation engaged in the business or acting in the capacity of a business opportunity broker or business opportunity salesman within this state shall bring or maintain an action in the courts of this state for the collection of a commission or compensation for the performance of any of the acts mentioned in this chapter without alleging and proving that such person, firm or corporation was a duly licensed business opportunity broker or business op-

portunity salesman at the time the alleged cause of action arose."

Section 240.10, Wis.Stats., declares such contracts to be void unless they are reduced to writing.

Section 136.02, Wis.Stats., prohibits any one from following the business, temporarily or otherwise, of a real estate broker in Wisconsin, without first procuring a license.

Section 136.28, Wis.Stats., prohibits any one engaged in the business of a business opportunity broker or business opportunity salesman, within this state, from bringing or maintaining an action in the courts of this state for the collection of a commission, without alleging and proving that such person was a duly licensed business opportunity broker or business opportunity salesman at the time the alleged cause of action arose.

■ The prevailing rule of law applicable to the issues herein is that in an action to enforce a remedy, the law of the forum applies and not the law of the state where the contract was entered into.

Counsel agree that it is procedural where the language "no action shall be brought" is used, and substantive where language declaring "the contract to be void" is used.

In Walton School of Commerce v. Stroud, 248 Mich. 85, 226 N.W. 883, 885, the court said: "It will be observed, from what we have said, that we must give consideration to the doctrine of comity in its relation to conflict of laws. The rule is well settled that a substantive right, growing out of contract, or inhering in it or attaching to it, is governed by the law of the contract. The remedy, however, is governed by the lexi fori. The term 'remedy' has a well-defined legal significance. There must be kept in mind the distinction between remedial procedure, governed by the law of the forum, and matter of substance, involving rights, and therefore governed by the law of the contract."

Most authorities, both Federal and State, hold that, in recognizing and enforcing the laws of a foreign State, courts are disinclined to overrule the positive law of the forum; and such foreign laws will never be given effect when they are against the public policy of the forum or contravene the fixed policy of the law of the forum, whether such policy is found in statutory enactments or not. The Kensington, 183 U.S. 263, 22 S.Ct. 102, 46 L.Ed. 190; Mt. Ida School for Girls v. Rood, 253 Mich. 482, 490, 235 N.W. 227, 74 A.L.R. 1325; Bourestom v. Bourestom, 231 Wis. 666, 285 N.W. 426; Bartlett v. Collins, 109 Wis. 477, 85 N.W. 703, 83 Am.St.Rep. 928.

■ Section 136.11 of the Wisconsin Statutes prohibits the plaintiff from bringing or maintaining an action in the courts of this state for the collection of a commission, without alleging and proving that he was a duly licensed real estate broker at the time the alleged cause of action arose. Section 136.28 of the Wisconsin Statutes contains a like prohibition.

To enforce the contract in issue would be contrary to public policy of this state as to this subject matter.

In Levy v. Birnschein, 206 Wis. 486, 240 N.W. 140, 141, the court said:

"Section 136.11, Stats., became effective June 26, 1929. It requires any one acting in the capacity of a real estate broker or real estate salesman within this state who brings an action for the collection of commission or compensation for acts mentioned in chapter 136, to allege and prove that such person, firm, or corporation was a duly licensed real estate broker or salesman at the time the alleged cause of action arose.

"This placed upon the appellant the burden of showing that he was a duly licensed real estate salesman at the time involved in his complaint. The cause of action arose long before the section was adopted, but the case was not presented to the court and tried until after it had become the law. There is evidence that appellant acted as a real estate salesman, but this does not meet the requirements of the statute. There must be allegation and proof that one so acting was 'a duly licensed real estate broker or real estate salesman at the time the alleged cause of action arose.' Failure in this is fatal to the case and a motion for directed verdict should be granted.

"The complaint was prepared in 1925, the same year in which the services were ren-

dered, and appellant contends that the section which became the law in 1929 is not applicable; that failure to have a license is a defense; that an agreement such as is here claimed with an unlicensed person made prior to June 26, 1929, is enforceable. The statute itself answers each and all of the contentions. The mischief at which the legislation regulating real estate agents and salesmen was aimed was the advantage that persons engaged in that business were taking of members of the public. Payne v. Volkman, 183 Wis. 412, 198 N.W. 438.

"Legislative acts remedial in their nature are frequently construed so as to act retrospectively, and amendments to existing laws to strengthen legislative effort to correct abuses are to be so applied and construed as to suppress the mischief and advance the remedy. Such remedial statutes may be of a retrospective nature when they do not impair contracts or disturb vested rights. Klaus v. City of Green Bay, 34 Wis. 628; State ex rel. Davis & Starr Lumber Co. v. Pors, 107 Wis. 420, 83 N.W. 706, 51 L.R.A. 917. It is certain that this amendment does not affect the cause of action if one existed. The effect of the act is to place upon the one bringing the suit the burden of showing that he was a duly licensed real estate salesman. If he did not have a license, no enforceable obligation arose in his favor out of the transaction. This change does not take away, directly or indirectly, any right or remedy. The law already required him to have a license; the amendment placed upon him the necessity of showing such license.

"This rule having become effective prior to the trial, the appellant was bound thereby. City of Sherman v. Langham, 92 Tex. 13, 40 S.W. 140, 42 S.W. 961, 39 L.R.A. 258.

"The appellant failed to produce the proof of the facts required, and judgment must go against him."

Likewise, the plaintiff in this action cannot produce the proof required by the Wisconsin Statutes.

Defendant's motion to dismiss the plaintiff's complaint and for summary judgment in favor of defendant is granted, without costs.