## DEMIRJIAN v. KURTIS.

1. CONTRACTS—JUKE BOX—REMOVAL OF LEASED CHATTEL—REPOSSESSION—FAILURE OF CONSIDERATION.

Juke box owner who removed it from defendant's premises at latter's request did not thereby repossess the chattel so as to terminate the lease, where at time of removal he reserved his right to enforce the 3-year lease, nor did such action constitute a failure of consideration.

REFERENCES FOR POINTS IN HEADNOTES
[1] 6 Am Jur, Bailments § 334.
[2–4] 12 Am Jur, Contracts § 386.

2. SAME—BREACH—MEASURE OF DAMAGES—PROFIT—ACCELERATION
OF PAYMENTS.
   Plaintiff juke box owner, who was requested to remove box
   from defendant lessee's premises shortly after installation,
   was entitled only to damages for the breach of the 3-year
   contract as measured by the profit plaintiff would have
   enjoyed, obtained by subtraction of his expenses from the
   amount he would have received from defendant; such measure
   of damages not constituting an acceleration of payments for
   the entire term of the lease.

3. SAME—BREACH—ABILITY TO PERFORM—UNEQUIVOCAL REPUDIA-
TION—DAMAGES.
   Plaintiff juke box owner, who removed it from defendant's prem-
   ises at latter's request shortly after it had been installed, did
   not completely mitigate his damages by selling it, since
   plaintiff was still entitled to his profit, plaintiff not being
   required to maintain an ever-present ability to perform once
   his performance has been unequivocally repudiated by de-
   fendant.

4. SAME—DAMAGES FOR BREACH—LOSS OF PROFITS—ACCELERATION
OF PAYMENTS.
   The fact that a plaintiff lessor of juke box under a 3-year
   contract is entitled to his profit thereunder, his anticipated
   receipts from defendant less his expense of performance
   would not constitute merely a maturing of future rentals
   payable at specified times as such latter is not the theory
   of recovery of loss of profits.

Appeal from Wayne; McCree, Jr. (Wade H.), J.
Submitted May 5, 1958. (Docket No. 101, Calendar
No. 47,330.) Decided September 10, 1958.

Assumpsit by Les Demirjian, doing business as
Les Music Company, against Louis Kurtis, doing
business as Kurtis Bar and Curley's Bar, for breach
of lease agreement. Judgment for plaintiff in De-
troit common pleas court and in circuit court. De-
fendant appeals. Affirmed.

*Ben Rosenthal,* for plaintiff.

*Max M. Marston,* for defendant.

SMITH, J.   This case involves the measure of damages recoverable upon the breach of a lease agreement.

The parties entered into a written agreement under the terms of which plaintiff leased to defendant a juke box.   The term of the lease was for 3 years from and after March 11, 1954.   The rental payable was $20 per week.   No rentals were ever paid.   After 2 or 3 weeks the lessee told the lessor to remove the machine.   "He said he didn't want any arguments about it, just take the machine out."   At this time another machine was "hooked up" and plaintiff's was "down at the other end of the bar."   The machine was accordingly removed and installed elsewhere at a lesser rental.   Subsequently it was sold.

Action was brought in assumpsit in the common pleas court of the city of Detroit for the difference between rental specified in the lease, less the expenses of servicing the machine.   Plaintiff had judgment in the sum of $1,624 and costs, which judgment was affirmed upon appeal to the circuit court for the county of Wayne.

Upon appeal to us the appellant raises substantially the same questions brought before Judge McCree of the circuit court for the county of Wayne upon appeal to such court from the trial court.   The opinion of Judge McCree is both accurate and succinct and we adopt it as our own.   It holds, in part, as follows:

"Defendant appeals, raising the following questions:

"1. Was the rental contract between the parties terminated by plaintiff's repossession of the leased property?

"2. Was there a failure of consideration created by the plaintiff's repossession of the leased property?

"3. Does the acceleration of the rental payments for the full 3-year term constitute punitive damages?'

"4. The plaintiff having made himself whole by selling the leased property, did he completely mitigate his damages?

"5. Does the breach of a rental contract that specifies rental payments at specified times in the future mature such payments?

"The first 2 questions raised by defendant are not properly presented by the facts. The record shows clearly that plaintiff did not repossess the chattel. On the contrary, it shows unmistakably that defendant, after breaching the contract, requested plaintiff to remove the chattel and that plaintiff did so, reserving his right to enforce the contract. Such action could not and did not terminate the contract, nor did it constitute a failure of consideration. The third question raised by defendant-appellant is not in accord with the theory of the case. Plaintiff is not suing for future instalments of rent. He is suing for his expectation interest, the profit he would have enjoyed had not defendant breached the contract. To determine this amount it is necessary to subtract plaintiff's expenses from the consideration he would have received from defendant. Thus the amount of future rental is important only for the purpose of this computation, it being clear that plaintiff may not recover the contract price but only damages for breach thereof. (*Mount Ida School for Girls* v. *Rood,* 253 Mich 482 [74 ALR 1325].)

"Defendant's fourth contention is not in accord with rule for measuring damages in cases of this sort. Plaintiff is still entitled to his bargain which he would have realized but for defendant's breach. He is not required to maintain an ever-present ability to perform once his performance has been unequivocally repudiated by defendant. Were it not for defendant's breach, at the expiration of 3 years plaintiff would have realized his profit and still possess his chattel. Having disposed of it, he has instead its value and should still be entitled to realize his profit.

"Defendant's fifth contention again misapprehends plaintiff's theory of recovery. Plaintiff is suing not for future rentals but for the difference between what he would have received and the expense of his performance. This seems to be the proper rule of damages and the judgment of the lower court is affirmed."

We affirm the judgment of the circuit court. Costs to appellee.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.