Vogue Models, Inc., Plaintiff-Appellee, *v.* Lucia Reina, Defendant-Appellant.

(No. 55793; ■■■■■■■■■■)

First District—June 1, 1972.

Ron Fritsch, of Legal Aid Bureau, of Chicago, for appellant.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

This is an appeal by the defendant from a judgment entered against her on a retail installment contract in the amount of $829.70 and costs. The plaintiff confessed judgment against the defendant and after the confirmation proceedings the trial court, sitting without a jury, awarded judgment to the plaintiff for the entire cash price of the contract ($720) plus attorney's fees ($109.70). In this appeal the defendant argues that the seller should not be allowed to recover a judgment on the contract without tendering to the trial court specific proof of damages, *i.e.*, expenses incurred on behalf of the breaching party and lost profits.

We reversed and remand.

■■ Although the successful plaintiff has not seen fit to file any pleadings with this Court, we feel the issues in this case are of such a substantial nature that an opinion on the merits is warranted. See *Lynch v. Wolverine* (1970), 126 Ill.App.2d 192, 261 N.E.2d 466.

The plaintiff and the defendant entered into a retail installment contract in which the plaintiff agreed to sell and the defendant agreed to buy "80 one-half hours" of "charm and modeling classes" for a total price of $720 to be paid in 18 installments of $40 each. The defendant never attended any classes and made no payments to the plaintiff. The defendant admits that the plaintiff was ready, willing and able to provide the instruction that was the subject of the contract. The judgment was confessed and confirmed in favor of the plaintiff shortly after the defendant's breach.

■■ In this appeal the defendant does not contest her liability on the contract, but she does argue that the amount of damages awarded was excessive. Defendant argues that the general rule for determining damages for breach of contract is applicable to this situation. This general rule was reiterated by this Court in *Meyer v. Buckman* (1955), 7 Ill.App.2d 385, 129 N.E.2d 603, when we stated that:

"The measure of damages where one engaged in the performance of a contract of this type is wrongfully prevented by the other party from completing it is the difference shown by the evidence between the contract price and what it would have cost the plaintiff to have done and completed the work according to the contract." 7 Ill.App.2d at 404, 129 N.E.2d at 613.

However, defendant is cognizant of the fact that Illinois courts have

stated an exception to this general rule in instances where one party to the contract is a school. Thus, *Northwestern Military and Naval Academy v. Wadleigh* (1932), 267 Ill.App. 1, and *Dwyer v. Cashen* (1924), 232 Ill.App. 493, the measure of damages allowed upon the failure of defendants to complete a contract for course of studies was the entire contract price.

The apparent basis for this exception to the general rule is that in instances such as these the breach by the promisor has not effected a substantial saving to the promisee, *e.g.*, the failure of a student to complete a semester would have no substantial effect on the operating expenses of a school which offered extensive facilities to its students. (22 Am. Jur. 2d Damages, 54, pg. 84.) This reasoning is not without criticism. See, 5 Williston, CONTRACTS, Sec. 1351, n. 9 (Rev. ed. 1937).

One of the best judicial discussions of this exception to the general rule appears in *Mount Ida School for Girls, Inc. v. Rood* (1931), 253 Mich. 482, 235 N.W. 227, wherein the Supreme Court of Michigan rejected the exception by use of the following language:

"In this case, if plaintiff's contention were accepted, it would recover from defendant the cost to it of boarding defendant's daughter for the unexpired portion of the school year; but confessedly plaintiff has not and will not furnish this item. In other words, plaintiff is here asking the courts of this state to enforce payment for something which it has not and will not furnish to or for defendant. The Michigan rule relegating plaintiffs in such cases to an action for damages for breach of contract obviates such an illogical and unjust result, but affords such plaintiffs full compensation for the loss sustained." 235 N.W. at 229.

In the case at bar we feel that the rule of *Dwyer* and *Northwestern Military and Naval Academy* is especially out of place. Nothing in the record would indicate that Vogue Models, Inc. supports a physical plant, with all the tangible and intangible services appertinent to it, that we have traditionally come to expect of a "school." Rather, Vogue Models would appear to sell a service, that service being the techniques commonly associated with fashion modeling.

Accordingly, we feel that the exception to the general rule of damages is inappropriate to the facts of this case, and if we were to invoke it we would subject the defendant to the unjust result pointed out in *Mount Ida School for Girls, Inc., supra.*

Therefore, we reverse the judgment of the trial court and remand the case for a hearing in which the plaintiff will present evidence as to the actual damages sustained.

Reversed and remanded.

DEMPSEY and McNAMARA, JJ., concur.