[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, a privately administered preparatory school, sues to recover a tuition payment of $4,000 claimed to be due as a result of the admission of one Holly Thompson for the academic year 1989-90. The defendant is the father of Miss Thompson who concedes parental liability for any amount found to be due.
The defendant made application for admission of his daughter to the plaintiff-school on February 1, 1989. Notification of her acceptance was given on or about April 1, and at that time an enrollment contract (Exh. 4) was forwarded to the defendant. The contract was executed by the defendant on April 25 and returned to the plaintiff with a non-refundable $500 deposit. After a grant-credit to Miss Thompson, the contract provides for a tuition charge of $4,000 to be paid in two installments, July 31, 1989, and January 31, 1990. Other, more critical language of the contract reads as follows:
 "Also, it is agreed that enrollment as specified within this contract may be cancelled in writing by the parents or guardians without penalty (except forfeit of the $500 deposit) prior to August 1, 1989, but, if enrollment is cancelled after August 1, 1989, the obligation to pay the full annual charges is binding."
Miss Thompson, in late August and for reasons not entirely clear, began to lose interest in matriculating at the plaintiff-school. By August 28, she made a final decision that she would not attend, and on that date the defendant gave notice CT Page 2204 thereof by telephone to the plaintiff's director of admissions. The plaintiff makes no complaint regarding the lack of written notice.
Following receipt of notice, demand was made upon the defendant for payment of the entire balance ($4,000) due under the contract, plus attorneys fees and collection costs as also provided therein. The defendant, who appeared pro se and was unrepresented at trial, has refused and neglected to make payment.
In justification of its contract language the plaintiff argues that its budget is adopted in July before the start of the academic year. Anticipated income is based on enrollment and, if enrollment is actually below what, on August 1, it was reasonably the contract, for which the plaintiff, absent the breach, would have been required to furnish educational services for an entire academic year, but, rather, the damages to the plaintiff which followed from the breach. 20 A.L.R. 4th 303, 314-15. The issue is one of expectation damages, and not of contract price:
 "When the buyer breaches a contract for the sale of services, the seller's expectation damages are normally measured under a net-proceeds formula, that is, contract price minus the seller's out-of-pocket cost of performance." 95 Har.L.R. 794-95 (1982).
So far as the plaintiff is concerned, its expectation damages are the entire contract price (i.e., the full tuition). This the court cannot accept.
That one who violates his contract with another is liable for all resultant direct and proximates damages ". . . is a rule so obviously just and so well established by authority that it should not be called in question." Kastner v. Beacon Oil Co., 114 Conn. 190,193 (1932), quoting Stanton v. New York Eastern Ry Co.,59 Conn. 272, 283 (1890). "In other words, if a contract is repudiated by one party and the other party is willing to perform his promises and is not at fault, the non-repudiating party may recover the damages which he has sustained by reason of the breach." 22 Am.Jur.2d, Damages, Sec. 60 (underlining added). the contract, for which the plaintiff, absent the breach, would have been required to furnish educational services for an entire academic year, but, rather, the damages to the plaintiff which followed from the breach. 20 A.L.R. 4th 303, 314-15. The issue is one of expectation damages, and not of contract price:
 "When the buyer breaches a contract for the sale of services, the seller's CT Page 2205 expectation damages are normally measured under a net-proceeds formula, that is, contract price minus the seller's out-of-pocket cost of performance." 95 Har.L.R. 794-95 (1982).
So far as the plaintiff is concerned, its expectation damages are the entire contract price (i.e., the full tuition). This the court cannot accept.
That one who violates his contract with another is liable for all resultant direct and proximates damages ". . . is a rule so obviously just and so well established by authority that it should not be called in question." Kastner v. Beacon Oil Co., 114 Conn. 190,193 (1932), quoting Stanton v. New York Eastern Ry Co.,59 Conn. 272, 283 (1890). "In other" words, if a contract is repudiated by one party and the other party is willing to perform his promises and is not at fault, the non-repudiating party may recover the damages which he has sustained by reason of the breach" 22 Am.Jur.2d, Damages, Sec. 60 (underlining added).
In the instant context ". . . proof [of such damages] may be difficult for a plaintiff but clearly it would be much more difficult for a defendant." Mount Ida School for Girls v. Rood,253 Mich. 482, 235 N.W. 227, 230 (1931). Likewise, there seems no reason why the plaintiff should be relieved of the "duty to exercise reasonable conduct to minimize the damages occasioned by the defendant's breach." West Haven Sound Development Corporation v. West Haven, 205 Conn. 305, 332 (1986).
Clearly, the plaintiff sustained a loss of anticipated revenue (viz., the defendant's tuition payment). Nonetheless, the plaintiff refuses to concede any commensurate diminution of the expense which would have been incurred had Miss Thompson chosen to attend. What is even more compelling is the plaintiff's complete lack of effort throughout the entire academic year to seek a replacement student. With the escalation in the cost of education at any private institution over the course of the last twenty years, waiting lists have become commonplace, as is an institution's resort to such list when an unexpected vacancy arises
The plaintiff's evidence demonstrates that it admits a specified number of applicants to a particular class. No waiting list of non-admitted applicants is maintained, and little or no effort is made to replace a post-August 1st drop-out. Presumably, if during August ten admittees chose without tuition payment not to attend the plaintiff-school or were, for whatever reason, prevented from attending, ten lawsuits would follow as a consequence in order to recover lost tuition revenue. This can CT Page 2206 hardly be equated with reasonable conduct aimed at minimizing one's damages.
The evidence which the plaintiff presented does not persuade the court that the plaintiff suffered actual damages equal to the contract price. Cazenovia College v. Patterson, 360 N.Y.S.2d 84,87 (1974). "It is incumbent upon a plaintiff in a contract action to prove [its] damages with all the certainty which is reasonably possible, but where exactness is not possible [it] is not therefore to be precluded from a recovery, and the best approximation to certainty is all that is required. Bartolotta v. Calvo, 112 Conn. 385,395, 152 A. 306 (1930)." Walter Kidde Constructors, Inc. v. State, 37 Conn. Sup. 50, 80 (1981).
Payment of the initial tuition installment was past-due on the date of notice. It is reasonable to assume that the plaintiff was inconvenienced by Miss Thompson's tardy decision and suffered a loss which could not be fully recouped. Recovery of an amount equal to the initial installment is a fair and just approximation of such loss.
Judgment may enter in favor of the plaintiff to recover of the defendant damages of $2,000. The court awards reasonable attorneys fees in the amount of $500.
GAFFNEY, JUDGE