## ADVERTISERS EXCHANGE, INC., Plaintiff-Appellee v. BLEICH, Etc., Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 3657.   Decided November 3, 1943.

Lurie & Gifford, Columbus, for plaintiff-appellee.
Wardlaw, Gertner & Armstrong, Columbus, for defendant-appellant.

**OPINION**

By BARNES, P. J.

The above-entitled cause is now being determined as an error proceeding by reason of defendant's appeal on questions of law from the judgment of the Municipal Court of Columbus, Franklin County, Ohio.

In the trial court, a jury was waived and after submission of evidence, judgment was rendered for the plaintiff in the sum of $119.85 and costs. Within the statutory time, the necessary steps were taken through which the cause was lodged in our Court.

A brief summary of the essential facts are now set forth:

Plaintiff was a New York corporation, with its principal place of business in the City of New York. On the 4th day of September, 1942, plaintiff entered into a written contract with the defendant, wherein and whereby it was agreed by the defendant that he would purchase of plaintiff, copy, illustration and layouts for certain advertisements at the rate of $182.00 yearly, with the right to use said material and services in newspapers and other media of the southeastern section of Columbus, Ohio.

The stipulated price for such services and material was to be paid as follows:

$22.75 by check; $22.75 on the 15th day of September, 1942 and $13.65 on the 1st day of each month thereafter, beginning November 1st, 1942, until the whole account had been paid.

After the contract was entered into, plaintiff furnished the service and material and defendant made the first two payments, totaling $45.50. Sometime before the due date for furnishing the service and material for the third month, defendant wrote to plaintiff's cancelling the contract, and thereafter refused to receive any further material and service although plaintiff continued to send the same for the period of four additional months.

On August 9th, 1943, plaintiff brought his action against the defendant, seeking to recover the claimed balance due on the contract of $137.85, with interest and costs.

Through the pleadings and the evidence the above facts are undisputed.

Appellant's assignments of errors are set out under six separately numbered and stated specifications, as follows:

"1. For error in the admission of depositions on behalf of the plaintiff.

"2. Said judgment is not sustained by sufficient evidence.

"3. Said judgment is contrary to law.

"4. Damages are excessive.

"5. For error in overruling defendant-appellant's motion for a judgment non obstante veredicto.

"6. Said judgment is against the weight of the evidence adduced on the trial of said cause."

We will take up the claimed errors in order.

This case presents an unusual situation in that all evidence presented was by deposition, neither plaintiff nor defendant being present by officers or in person.

Counsel for appellant objected to the trial court proceeding and considering plaintiff's evidence presented only through deposition. Counsel for appellant argue, as an abstract proposition, that the defendant is placed at a disadvantage by taking testimony in New York City where, by reason of the small amount involved, defendant could not be present in person or by attorney to conduct a cross-examination.

The only authorities cited are §11525 GC, and the case of **Finesey, Admx. v Minor, 45 Oh Ap 337.**

We find nothing in the statute or the cited cases sustaining appellant's position. It was admitted that all the preliminary steps were taken as prescribed under the statute. This ground of error is not well taken.

The remaining assignments of error are so closely related that the same will be considered together.

Under the law of Ohio, it is well recognized that under on executory contract, either party may cancel the same by notice, and that thereafter the other party may recover damages for the breach of the contract.

The case nearest in point to the instant case to which we have been referred is that of **Hartzell v Oehlke, 18 C. C. (N. S.) 290.** The syllabus reads as follows:

"In an action on a contract for publication of advertising matter, when it appears that the defendant notified the publisher to discontinue the publication, the publisher is entitled to recover for advertising published up to the date of the notice and damages for breach of the balance of the contract; he can not disregard the notice, continue the publication and thereafter recover full compensation as provided in the contract."

This was a decision by the Circuit Court of Cuyahoga County and the personnel of that court, as then constituted, was recognized as a very able court. The Circuit Court, in rendering its decision in the Hartzell case, supra, cited the case of **James v Allen County, 44 Oh St 226.** The syllabus in the Supreme Court case reads as follows:

"Where an employee, engaged under a contract for a specified time, the wages being payable in installments, is wrongfully discharged before the expiration of the period of hire, and all wages actually earned at the time of the discharge have been paid, an action will not lie to recover the future installments, as though actually earned, but the remedy is by action for damages arising from the breach of the contract, and one recovery upon such claim is a bar to a future action."

We also are referred to the following cases which are in point:

**Foredyce v Easthope, 8 N. P. 585;**
**Magadore Stoneware Co. v Hiers, 19 C. C. (N. S.) 158;**
Walton School of Commerce v Stroud, 226 N. W. 883;
Mount Ida School for Girls, Inc. v Rood, 235 N. W. 227.

Plaintiff's case was apparently tried on the theory of claimed right of recovery of the entire balance due on the contract rather than upon the theory of the established law

under the above cited decisions limiting the recovery to damages. It was due to this situation that the transcript of the evidence presents very little testimony bearing on the question of damages.

One witness, Alpha M. Bond, testified that she was the treasurer of the plaintiff company and that as such she received and passed on the contract when mailed in to the company by their traveling representative and immediately thereafter notified the defendant that the contract was accepted. She did testify that the damages incurred by the plaintiff amounted to the full contract price of $182.00. This can be considered nothing more than a conclusion and the evidence does not sustain such a conclusion.

Counsel for plaintiff-appellee, argues that profits would be an element to take into consideration of damages and in support of this argument, cites 15 Am. Jur. p. 561, par. 151. The citation aptly supports the argument, but the difficulty is that the plaintiff presented no evidence from which the question of profit could be determined.

The trial court, at the request of counsel for appellant, made a separate finding of facts and law.

Thereafter, the Court determined that plaintiff's damages were mitigated by reason of the fact that they did not have to send out six months service, reducing the plaintiff's damages in the amount of $18.00.

We find nothing in the record supporting this amount or any other amount. Evidently, the Court determined this figure independently of any evidence.

There can be no question that under the undisputed evidence, plaintiff is entitled to recovery of, at least, nominal damages.

There is evidence through which a conclusion might be reached of substantial damages, but not in the amount for which judgment was entered.

We, therefore, find that the judgment was excessive and was not sustained by the record evidence. The judgment of the trial court will be reversed and cause remanded for new trial.

Costs in this Court will be adjudged against the appellee.

Entry may be drawn in accordance with this opinion.

HORNBECK and GEIGER, JJ., concur.