REFRIGERATION & AIR CONDITIONING INSTITUTE, APPELLANT, *v.* RINE, APPELLEE.

(No. 462—Decided November 7, 1946.)

*Mr. Robert L. Carr,* for appellant.
*Mr. Creed J. Lester,* for appellee.

SHERICK, P. J. This cause was first tried before a justice of the peace and plaintiff secured a judgment for $154. Defendant appealed to the Court of Common Pleas wherein the cause was retried without the intervention of a jury, resulting in a judgment for plaintiff for $5. From that judgment plaintiff appeals to this court on questions of law.

The single question presented concerns the proper measure of damages recoverable by the seller upon the buyer's breach of a contract partially performed. Are the damages measured by the contract price or the actual value of the services rendered and goods furnished, plus anticipated profits if they can be established with sufficient certainty?

Plaintiff's petition alleges, in substance, a written contract for the furnishing of a correspondence course in refrigeration and air conditioning, the total cost of which was $172. Plaintiff pleads part performance and its willingness to complete its contractual obligations. It avers that defendant breached the agreement after receiving some 39 lessons and refused to continue the course of study. It recites payment of $23. It prays for judgment in the sum of $149, the balance of the contract price.

The answer denies generally and sets forth two affirmative defenses, i. e., failure of consideration and fraud in the inducement.

The reply is a general denial.

The Court of Common Pleas found that plaintiff had proved its contract; that defendant had failed to establish the truth of his two defenses; that plaintiff was entitled to recover; and that, inasmuch as plaintiff had failed to prove any actual damages, it could recover no more than nominal damages, to wit, $5. Judgment was entered accordingly. Such findings are definitely substantiated by the record.

The contract provides, among other things, that,

upon successful completion of the course of study and full payment of tuition, plaintiff will furnish an additional two weeks of intensive shop and laboratory training at its institute in Chicago; and that "here the student will work under actual shop conditions on standard equipment furnished by the industry, under the direction of competent engineers and instructors." Plaintiff further covenanted to furnish defendant, Rine, with bus transportation to and from Chicago. It promised him assistance in procuring employment in the field covered by the course of study. It further appears from correspondence in evidence that defendant had been given a student number, RA 11316. Of those matters we shall hereinafter have something further to say.

The measure of damages in this type of cases is an open question in Ohio. We therefore turn to other jurisdictions for enlightenment. From the case of *International Correspondence School, Inc., v. Crabtree,* 162 Tenn., 70, 34 S. W. (2d), 447, 78 A. L. R., 330, and the annotation thereto in A. L. R., it appears that three schools of thought have developed. In Massachusetts the rule is that the school may recover the full contract price. In Nebraska it is held that the school can recover the full contract price, unless the student can lessen his liability by showing savings in the school's expenses, brought about by its not having to perform the contract on its part. The third rule, adhered to in Michigan, is that a school can recover only for actual loss, the burden is upon the school to make proof thereof and failure to do so limits it to recovery of nothing more than nominal damages. We refrain from citation of authorities. They may be procured from the case and annotation hereinbefore referred to.

What ought to be the Ohio rule? To determine this question, we must examine this state's theory of recov-

ery of damages in breach of contract cases where the contract has been partially performed. It is generally accepted that he who seeks damages for a breach of contract bears the burden of proof, unless a statute otherwise dictates or knowledge is peculiarly within the possession of the other contracting party who must, in such case, bear the burden of producing it. Ohio has step by step veered to the rule that only actual damages are recoverable, unless the law permits a recovery of punitive damages. In practically all kinds of contract violations, Ohio has sought to compensate the injured party, not to reward him. Our courts have frowned upon the award of punitive damages, unless they are provided for by law. The courts have also forbidden juries to speculate, and have instructed them to award only such damages as will make the aggrieved party whole, that is, save him from pecuniary loss.

The plaintiff in the present action is selling service as well as the lessons which it furnishes and later grades. It goes even further than this and agrees that, when the course is completed and paid for, plaintiff will advance money for bus transportation and will give the student two weeks of shop instruction in a standard, equipped shop under experienced instructors. Without doubt those items are figured in arriving at the total contract price. They represent an actual anticipated cash outlay by the institute. The breach saved such contemplated expenditures. The contract figure is indivisible, and, unless plaintiff discloses the cost thereof, application of the Massachusetts rule, will compensate it for a loss which it has not and never will sustain.

The defendant's student number, 11316, reasonably suggests that the institute has or has had a goodly number of students taking its refrigeration and air conditioning course. At the contract price this would

represent a tidy sum of nearby two million dollars, if the full tuition sum were recoverable in every case. It is common knowledge that many contract to take correspondence school courses and that relatively few complete them. The record shows that three or four students, who were all the students contracting with plaintiff at the time in the Mt. Vernon area, have discontinued study. After course expenditures, there would remain quite an appreciable sum in each student's case. Again, it is a matter of common knowledge that the original composition of correspondence school lessons and their printing in bulk are not matters of great expense; and when postage, correction of lessons, secretarial service, stationery and school administration costs are proportioned and added, the total cannot represent any considerable portion of the tuition fee of an individual student. Such facts and figures are within the exclusive knowledge of the school. Why ought it not be required to produce them?

In 13 Ohio Jurisprudence, 93, Section 27, it is stated, as to damages for breach of a contract partially performed:

"* * * the rule now established in Ohio is that, upon the breach of a contract to perform services, furnish goods, etc., by the failure of one party thereto to do that which he is bound to do, the other party, upon electing to treat the contract as canceled and to sue for the value of the services already performed, goods furnished, and the like, is not bound by the contract price, but may recover as damages the reasonable value of the services rendered or goods furnished, regardless of the fact that the reasonable value is greater than the contract price, although it is still competent for the party sued to show that in the circumstances of the particular case the plaintiff would necessarily have lost more by performing the contract at the agreed price than by not performing."

*Wellston Coal Co.* v. *Franklin Paper Co.*, 57 Ohio St:, 182, 48 N. E., 888, and *Cleveland Co.* v. *Standard Amusement Co.*, 103 Ohio St., 382, 133 N. E., 615, are cited as authority for that statement. Those cases in part support the text. The holding in each of those cases really goes no further than to say that the injured party may elect to sue for damages or may disregard the contract and sue for the reasonable value of what he has performed. The injured party in each case elected to pursue the *quantum valebant* course. In neither case was the court called upon to state what elements of damage were recoverable had the plaintiff pursued the first course.

In *Cleveland Co.* v. *Standard Amusement Co., supra,* the statement on page 387, however, is of more than passing interest in that the court referred to and seemed to approve the case of *United Press Assn.* v. *National Newspaper Assn.*, 237 F., 547, and cited it as authority for the statement that the injured party ''may treat the repudiation as putting an end to the contract for all purposes of performance and sue to recover as far as he has performed and for the profits he would have realized if he had not been prevented from performing.''

That theory of damages recoverable does not comport with plaintiff's insistence that judgment should have been entered for the balance of the contract price.

In *Advertisers Exchange, Inc.,* v. *Bleich,* 40 Ohio Law Abs., 212, 215, 57 N. E. (2d), 91, wherein plaintiff sought to recover ''the entire balance due on the contract rather than upon the theory of the established law * * * limiting the recovery to damages,'' plaintiff was limited to recovery of damages.

Keeping in mind that it is the evident purpose of Ohio courts, in the absence of statutes permitting, or situations demanding, punitive damages, to permit recovery of actual damages only, which is to say such

damages as will actually compensate the aggrieved party but not reward him in cases of breached contracts partially performed, we shall attempt to enumerate and set forth what to this court seems in accord with the purpose of Ohio courts.

The first item is the aggrieved party's outlay or expenditure towards performance. This item is divisible into three parts, first, the reasonable value of the services rendered and goods furnished to the time of the defendant's breach, second, any definite expenditure theretofore made and existing, if any there be, towards the further performance of the contract (neither of these elements of damage are governed or bound by the contract price), and, third, any expenditure made and loss sustained by the aggrieved party in readying himself for performance of the contract, if the same was within contemplation of the contracting parties when the contract was entered into. This third element of the first item could hardly have entered into the computation of plaintiff's actual damages in this case.

The second item of actual damages is loss of profit, where profit was contemplated. If the contract enterprise was without profit or its completion by plaintiff would result in a loss to him, then such element of damage must of necessity disappear. We recognize that the rule of the past was repugnant to allowance of damages for loss of profits, but such is now the case. We believe it to be now well settled that loss of profits may be an element of damages in breaches of partly performed contracts, where such profits are not too remote, are not speculative and can be shown with fair accuracy, definiteness and certainty.

Who is best able to evidence these elements of damages? Surely, not an applicant for a correspondence school course. Such knowledge reposes almost exclusively in the administrative office of the school.

It ought, therefore, to shoulder the burden of producing that evidence, which is in accordance with the Ohio rule. And where the school fails to make such proof, after proving its contract and defendant's breach coupled with the presumption of sustained damage, the school is entitled to nominal damages only. Analyzing the Massachusetts rule, as announced in *International Textbook Co.* v. *Martin,* 221 Mass., 1, 108 N. E., 469, we find it predicated on independent covenants and a father's guaranty. On that theory of contract price, plaintiff grounds its claims. The answer is that such measurement of damages is not in accord with Ohio's compensatory-damage purpose. To hold that the measure of damages is the balance of the contract price is to say that plaintiff may recover not only all its expenditures and expected profit but in addition all future expenditures that will not now be made but which would have had to be made if the contract had been entirely performed. These include bus fare, two weeks vocational training and assistance in procuring a position in industry for defendant. This theory not only compensates plaintiff, but rewards the institute by awarding it compensation for expenditures embraced within the contract price, which will never be made.

Nothing has been or will be said concerning special damages or a plaintiff's duty to mitigate his damages, as those issues are not in the present action. However, it is proper to point out that if a defendant would lessen his responsibility the burden is upon him to establish facts that reasonably tend to show a mitigation of plaintiff's damages.

The conclusion of this court is that the trial court's judgment must be and is affirmed.

*Judgment affirmed.*

Putnam and Montgomery, JJ., concur.