ALEXANDER HAMILTON INSTITUTE, INC., APPELLANT, *v.* JUBELT, APPELLEE.

(No. 4525—Decided March 5, 1951.)

*Messrs. Cowan & Adams* and *Mr. Paul W. Martin,* for appellant.

*Mr. David E. Morgan,* for appellee.

WISEMAN, J.   This is an appeal on questions of law from a judgment of the Municipal Court of Columbus. The plaintiff-appellant, the Alexander Hamilton Institute, Inc., filed a petition in the Municipal Court of Columbus alleging that on the sixth day of March 1947 plaintiff and defendant entered into a contract whereby the defendant enrolled in plaintiff's modern business course and service, extending over a period of 24 months from the date of the contract, for a total consideration of $225, payable $10 with the application for enrollment and $10 per month thereafter, beginning April 10, 1947; that the contract provided further that should any of such installments become due

and remain unpaid for 60 days or more the entire balance might, at the option of the institute, be declared immediately due and payable; and that the contract was not subject to revocation. The petition alleges further that plaintiff performed all its obligations under the contract, and that the defendant, after the payment of $40, wrongfully breached the contract by refusing to perform further. The plaintiff prayed for judgment in the sum of $185.

The defendant in his answer admitted entering into the contract as alleged in the petition and alleged that on June 23, 1947, he notified the plaintiff in writing that he no longer cared to continue the course.

The evidence shows that after making the $10 down payment the defendant paid three $10 monthly installments and on August 28, 1947, notified the plaintiff that he could not proceed further under the contract. The evidence shows further that the defendant returned to plaintiff all the material, which it received and held subject to the defendant's order.

At the trial the plaintiff introduced evidence by way of deposition wherein its assistant treasurer testified as follows:

"Q. What expenses had the Alexander Hamilton Institute actually incurred in connection with the enrollment of Karl Jubelt for its modern business course and service as of August 28, 1947? A. The institute had actually incurred the following expense: Salesman's commissions $66.25; sales department expense $37.03; service department expense $13.26; general administration expense $20.47; credit and collection expense $10.80; printing of 24 text volumes $12.38; author's fees $3.60; and expressage $1.12.

"Q. What is the total of these expenses? A. $164.91.

"Q. What would the profit have been to the Alexander Hamilton Institute if Mr. Jubelt had paid his enrollment fee? A. $20.25.

"Q. What is the amount of the damage to the Alexander Hamilton Institue as a result of Mr. Jubelt's failure to pay more than $40? A. The total damage including loss of profit amounts to $185.16. Mr. Jubelt having paid $40 on account the net damage amounts to $145.16."

The court rendered judgment in favor of the plaintiff in the amount of $35. As a consequence plaintiff has recovered the amount of $75 on the contract.

The principles of law controlling the rights of the plaintiff arising out of a breach of contract of a student are not well settled. However, we find one well considered case in Ohio which discusses the three rules followed in several jurisdictions. In *Refrigeration & Air Conditioning Institute* v. *Rine,* 80 Ohio App., 317, 75 N. E. (2d), 473, the Court of Appeals for Knox county, in 1946, had before it for consideration a similar state of facts. In the *Rine case* Judge Sherick stated that under the Massachusetts rule the school may recover the full contract price; that under the Nebraska rule the school may recover the full contract price, unless the student can lessen his liability by showing savings in the school's expenses brought about by its not having to perform the contract. The third rule, known as the Michigan rule, was followed in that case. This rule is that a school can recover money for actual loss, and the burden is upon the school to make proof thereof. The court cited and discussed numerous cases bearing upon this proposition. An independent search shows that the Michigan rule may be stated as follows: A party to an executory contract, on refusing to proceed therewith, is liable only for damages resulting from the breach and not for the contract price. The burden is on the plaintiff suing for breach of an executory contract to establish the extent of damage.

In the instant case the defendant admits the breach and admits further that he is liable for some damage, but denies the right of the plaintiff to recover $185, that being the difference between the contract price of $225 and $40, the amount which defendant paid. The plaintiff tried this case on the theory that it was required to establish its claim for damages resulting from the breach and points to the evidence hereinbefore set forth that it has shown damages, including loss of profit, in the amount of $185.16, against which should be credited $40, the amount paid by the defendant, leaving a balance, due plaintiff as damages, in the sum of $145.16. The plaintiff contends that the judgment of the trial court in the amount of $35 is contrary to law and against the manifest weight of the evidence.

This court adheres to the Michigan rule which was followed in the *Rine case*. In applying this rule to the evidence in this case, we cannot say that the judgment of the trial court was against the manifest weight of the evidence. In the enrollment application the plaintiff agreed to furnish a modern business course and service to the defendant, extending over a period of two years. The service comprised the following:

"Modern Business Text—twenty-four bound volumes, containing a digest of present-day business principles and practice—forwarded prepaid.

"Modern Business Reading Guides—directing reading of text—one every month.

"Modern Business Lectures—the written experience of prominent business men—one every month.

"Modern Business Problems—actual business problems, solutions to which will be reviewed—one every month.

"Personal Service—answers to all inquiries in connection with the course—advisory service on personal business problems.

"Business Conditions Publications—for two years —comprising Business Conditions Weekly, a monthly business progress bulletin, a credit and sales bulletin, and a commodity and trade bulletin—weekly investment bulletin."

It is apparent that plaintiff was not required to, and did not, render any such service after the breach, and that, after the defendant returned the books and material which the plaintiff had forwarded to the defendant, plaintiff did not suffer great damage by reason of the defendant's breach. The plaintiff has recovered in payments made by the defendant and by the judgment the amount of $75, which is one-third of the total contract price, whereas only one-sixth of the period of time covered by the course had elapsed at the time of the breach. Considering that the plaintiff would be entitled to $20.25, which represents the profit on the contract, the additional amount which it received, $54.75, amounts to approximately one-fourth of the contract price. In view of the fact that the plaintiff is now in possession of all its books and material, and that for the greater portion of the time covered by the contract it will not be required to furnish any material or service by reason of defendant's breach, we cannot say that the recovery of the plaintiff of one-third of the total contract price is against the manifest weight of the evidence or contrary to law.

As we find no error in the record prejudicial to the rights of the plaintiff, the judgment is affirmed.

*Judgment affirmed.*

HORNBECK, P. J., and MILLER, J., concur.